**[This decision has been published in *Ohio Official Reports* at 93 Ohio St.3d 452.]**

THE STATE EX REL. POTTS *v.* COMMISSION ON CONTINUING LEGAL
EDUCATION.

**[Cite as *State ex rel. Potts v. Comm. on Continuing Legal Edn.*,
2001-Ohio-1586.]**

*Attorneys at law—Continuing legal education—Mandamus sought to compel CLE
Commission to apply maximum permissible twelve excess CLE credits
relator earned during 1997-1998 reporting period to the 1999-2000
reporting period—Writ granted, when—Prohibition—Writ sought to
prohibit CLE Commission from disallowing the carryover of excess CLE
credit hours—Writ denied, when.*

(No. 01-483—Submitted July 17, 2001—Decided October 17, 2001.)

IN MANDAMUS AND PROHIBITION.

_____

*Per Curiam.*

{¶ 1} Relator, John F. Potts of Toledo, Ohio, Attorney Registration No.
0033846, is an attorney admitted to practice law in Ohio. Respondent, Supreme
Court Commission on Continuing Legal Education ("CLE Commission"), was
created by the Supreme Court of Ohio to administer its continuing legal education
("CLE") requirements and to establish procedures for awarding CLE credits under
Gov.Bar R. X (for lawyers) and under Gov.Jud.R. IV (for state judges). Gov.Bar
R. X(2)(A)(1) and (B)(1). Pursuant to Gov.Bar R. X(3), Potts was required to
complete and report at least twenty-four credit hours of continuing legal education[1]

_____

1. Within this former requirement, attorneys also had to complete at least two hours of instruction
related to legal ethics and professional responsibility, including at least thirty minutes on substance
abuse. See former Gov.Bar R. X(3)(B)(1), 80 Ohio St.3d CXXIII-CXXIV. Gov.Bar R. X(3)(A)(1)
now requires that "[a]t least two and one-half of the twenty-four credit hours of instruction shall be
related to professional conduct and shall include all of the following:

for the 1997-1998 reporting period by January 31, 1999. In July 1998, the CLE Commission mailed to Potts an interim progress report for the 1997-1998 period showing the number of CLE credit hours reported to the CLE Commission for that period as of June 30, 1998. In December 1998, the CLE Commission mailed to Potts a final reporting transcript, which showed the number of CLE credit hours reported to the CLE Commission for the 1997-1998 reporting period as of November 30, 1998. Potts responded to neither the interim nor the final report.

{¶ 2} In March 1999, the CLE Commission notified Potts by letter that he had failed to comply with Gov.Bar R. X because he had not filed his 1997-1998 CLE report by the January 31, 1999 deadline and he had completed only eighteen of the required twenty-four CLE credit hours for the period. Potts failed to respond to the letter, and in October 1999, the CLE Commission recommended that the following sanctions be imposed on Potts: $90 fine for his failure to complete the minimum CLE credit hours required and $150 fine for his failure to file a timely report for 1997-1998.

{¶ 3} In November 1999, we issued an order for Potts to show cause why the sanctions recommended by the CLE Commission should not be adopted. In December 1999, Potts filed a timely response to the show-cause order in which he submitted evidence establishing that he had completed an additional 22.75 CLE credit hours for the 1997-1998 reporting period that had not been reported to the CLE Commission. Potts claimed that he had not previously reported the additional CLE credit hours because no CLE activity codes had been given to him by the seminar sponsor, the American Bar Association, until several months after the seminars had been completed. The CLE Commission then modified its

---

"(a)  Thirty minutes of instruction on substance abuse, including causes, prevention, detection, and treatment alternatives;
"(b)  Sixty minutes of instruction related to the Code of Professional Responsibility;
"(c)  Sixty minutes of instruction related to professionalism (including A Lawyer's Creed and A Lawyer's Aspirational Ideals adopted by the Supreme Court)."

recommendation to eliminate the $90 fine for failure to complete the minimum CLE credit hours for the period but retained its previous recommendation to fine Potts $150 because he had failed to file a timely report for the 1997-1998 reporting period.

{¶ 4} On March 31, 2000, this court issued an order imposing the recommended $150 fine. *In re Report of Comm. on Continuing Legal Edn.* (2000), 88 Ohio St.3d 1458, 726 N.E.2d 501. Potts paid the fine.

{¶ 5} In December 2000, Potts requested that twelve of his 40.75 CLE credit hours for the 1997-1998 reporting period be carried over to the 1999-2000 reporting period. After the CLE Commission refused Potts's request, he sought review of the refusal. On February 9, 2001, the CLE Commission heard argument concerning Potts's appeal of the denial of his request to carry over excess CLE credits. The CLE Commission denied Potts's appeal by an eleven-to-three vote. No sworn testimony was introduced at the hearing.

{¶ 6} In March 2001, Potts filed this action for extraordinary relief. He requests a writ of mandamus to compel the CLE Commission to apply the maximum permissible twelve excess CLE credit hours he earned during the 1997-1998 reporting period to the 1999-2000 reporting period, as provided in Gov.Bar R. X(3)(B)(2). Potts also seeks a writ of prohibition to prevent the CLE Commission from disallowing the carryover of the excess CLE credit hours. After the CLE Commission filed an answer, we granted an alternative writ and set a schedule for the presentation of evidence and briefs.

{¶ 7} This cause is now before the court for our consideration of the merits and Potts's motion for oral argument.

*Oral Argument*

{¶ 8} Potts requests oral argument pursuant to S.Ct.Prac.R. IX(2). S.Ct.Prac.R. IX(2), however, does not require oral argument in this original action. Potts has neither established nor asserted any of the usual factors that might warrant

oral argument, and the parties' briefs are sufficient to resolve the issues raised. See *State ex rel. Woods v. Oak Hill Community Med. Ctr.* (2001), 91 Ohio St.3d 459, 460, 746 N.E.2d 1108, 1111.

{¶ 9} Based on the foregoing, we deny Potts's request for oral argument.

*Prohibition*

{¶ 10} Potts requests writs of prohibition and mandamus. In order to be entitled to a writ of prohibition, Potts must establish that (1) the CLE Commission is about to exercise judicial or quasi-judicial power, (2) the exercise of that power is unauthorized by law, and (3) denial of the writ will cause injury for which no other adequate remedy in the ordinary course of law exists. *State ex rel. Henry v. McMonagle* (2000), 87 Ohio St.3d 543, 544, 721 N.E.2d 1051, 1052.[2]

{¶ 11} In order to establish his entitlement to the writ, Potts must initially prove that the CLE Commission exercised quasi-judicial authority in denying Potts's request for carryover of excess CLE credit hours. As the CLE Commission cogently asserts, Potts failed to establish this requirement. "Quasi-judicial authority is the power to hear and determine controversies between the public and individuals that *require* a hearing resembling a judicial trial." (Emphasis added.) *State ex rel. Wright v. Ohio Bur. of Motor Vehicles* (1999), 87 Ohio St.3d 184, 186, 718 N.E.2d 908, 910. Although Gov.Bar R. X(6)(E) permits the CLE Commission "to issue subpoenas and cause testimony to be taken under oath before the Commission or a hearing examiner appointed by the Commission," it does not *require* sworn testimony for CLE Commission hearings. And, in fact, no sworn testimony was introduced at the CLE Commission hearing on Potts's request to apply excess CLE credit hours from the 1997-1998 period to the 1999-2000 period. Because the CLE Commission hearing was more in the nature of an appellate

---

2. In addition, if a lower court patently and unambiguously lacks jurisdiction to proceed in a cause, prohibition will lie to correct the results of prior jurisdictionally unauthorized actions. *State ex rel. Cuyahoga Cty. v. State Personnel Bd. of Review* (1998), 82 Ohio St.3d 496, 497, 696 N.E.2d 1054, 1055.

argument than an evidentiary hearing usually associated with a typical judicial trial, the CLE Commission did not exercise quasi-judicial authority in denying Potts's request, and prohibition will not lie. *State ex rel. Baldzicki v. Cuyahoga Cty. Bd. of Elections* (2000), 90 Ohio St.3d 238, 241-242, 736 N.E.2d 893, 896-897.

{¶ 12} Therefore, we deny Potts's request for a writ of prohibition.

*Mandamus*

{¶ 13} Potts requests extraordinary relief in mandamus to order the CLE Commission to apply twelve excess CLE credit hours earned by Potts during the 1997-1998 reporting period to the 1999-2000 reporting period. In order to be entitled to the requested writ of mandamus, Potts must establish a clear legal right to have his twelve excess credit hours applied to the 1999-2000 reporting period, a corresponding clear legal duty on the part of the CLE Commission to apply the credits, and the absence of a plain and adequate remedy in the ordinary course of law. *State ex rel. Sekermestrovich v. Akron* (2001), 90 Ohio St.3d 536, 537, 740 N.E.2d 252, 254.

{¶ 14} Gov.Bar R. X(3)(B)(2) provides, "An attorney who completes more than the required number of credit hours in a reporting period may apply a maximum of twelve credit hours to the next reporting period." The parties stipulated that Potts completed 40.75 CLE credit hours for the 1997-1998 reporting period. Under Gov.Bar R. X(3)(B)(2), Potts was consequently entitled to apply twelve CLE credit hours to the 1999-2000 reporting period.

{¶ 15} The CLE Commission asserts that Gov.Bar R. X(3)(B)(2) confers a privilege rather than a right and that when read *in pari materia* with the remaining provisions of Gov.Bar R. X, Potts's failure to timely file a 1997-1998 CLE report precludes him from carrying over the excess CLE credits to the next reporting period. The commission further contends that we must accord deference to its interpretation of Gov.Bar R. X.

{¶ 16} The CLE Commission's claims lack merit. We may resort to rules of construction to interpret Gov.Bar R. X(3)(B)(2) only if the terms of the rule are ambiguous or in doubt. See *State ex rel. Herman v. Klopfleisch* (1995), 72 Ohio St.3d 581, 585, 651 N.E.2d 995, 998 ("The *in pari materia* rule of construction may be used in interpreting statutes where some doubt or ambiguity exists"); see, also, *Thomas v. Freeman* (1997), 79 Ohio St.3d 221, 224, 680 N.E.2d 997, 1000, where we applied principles of statutory construction in analyzing Rules of Civil Procedure. If the only doubt about a rule's meaning is created by application of the rule of construction, we need not defer to an agency's interpretation. *State ex rel. Burrows v. Indus. Comm.* (1997), 78 Ohio St.3d 78, 81, 676 N.E.2d 519, 522 (*in pari materia* rule inapplicable when application of the rule creates the ambiguity).

{¶ 17} The language of Gov.Bar R. X(3)(B)(2) is manifest: an attorney who completes more than the required number of CLE credit hours in a reporting period may apply a maximum of twelve credit hours to the next reporting period. Therefore, "we need not apply interpretative rules to discern its meaning; we need only apply its unambiguous language." *State ex rel. Wolfe v. Delaware Cty. Bd. of Elections* (2000), 88 Ohio St.3d 182, 186, 724 N.E.2d 771, 774.

{¶ 18} Applying Gov.Bar R. X(3)(B)(2) here, Potts has established a clear legal right to apply twelve CLE credit hours from the 1997-1998 reporting period to the 1999-2000 reporting period and a corresponding clear legal duty on the part of the CLE Commission to permit his application of these credit hours.

{¶ 19} The CLE Commission is not authorized by Gov.Bar R. X or its own CLE regulations to deny Potts his right under Gov.Bar R. X(3)(B)(2) to carry over excess CLE credit hours because of his failure to file a timely report for 1997-1998. Instead, CLE Reg. 303.4 states, "In the event an Attorney * * * fails to submit a signed report form verifying [the Attorney's] compliance with the requirements of Rule X * * * by January 31 of the applicable reporting year, the Attorney * * * shall be subject to the sanctions of Rule X." Gov.Bar R. X(5) specifies the following

sanctions for attorneys or judges who, without good cause, fail to file a biennial report: "(1) A late filing fee; (2) A public reprimand; (3) Probation; [and] (4) Suspension from the practice of law."

{¶ 20} In fact, the CLE Commission recommended only a monetary sanction for Potts's failure to file a timely report for the 1997-1998 CLE reporting period, we adopted the recommendation and fined Potts $150 for his noncompliance with Gov.Bar R. X, and Potts paid the fine. No further penalties were recommended by the CLE Commission or authorized by Gov.Bar R. X and the applicable regulations promulgated thereunder. Potts had no notice that noncompliance with Gov.Bar R. X would result in the denial of his right under Gov.Bar R. X(3)(B)(2) to apply up to twelve excess CLE credit hours to his next reporting period. Cf. *Disciplinary Counsel v. Simecek* (1998), 83 Ohio St.3d 320, 322, 699 N.E.2d 933, 934 (due process requires fair notice of disciplinary charges).

{¶ 21} Moreover, the CLE Commission cites no persuasive authority for its proposition that a denial of the carryover of CLE credit hours is the denial of a privilege rather than a sanction. The sole case it cites for this contention is a case in which we analyzed whether challenged legislation was so punitive in purpose or effect so as to transform a civil remedy into a criminal penalty for purposes of double jeopardy analysis. *State v. Uskert* (1999), 85 Ohio St.3d 593, 597, 709 N.E.2d 1200, 1203-1204. As the commission candidly concedes, *Uskert* involved a "very different context" from this case.

{¶ 22} Finally, Potts has no remedy by way of appeal or other means to challenge the CLE Commission's denial of his request for the carryover of excess CLE credit hours to his 1999-2000 reporting period. The CLE Commission does not argue to the contrary. Mandamus is the appropriate remedy where no right of appeal is provided to correct an abuse of discretion by a public body like the CLE Commission. See, *e.g., State ex rel. Serv. Emp. Internatl. Union, Dist. 925 v. State Emp. Relations Bd.* (1998), 81 Ohio St.3d 173, 178, 689 N.E.2d 962, 966; *Herman*,

72 Ohio St.3d at 583, 651 N.E.2d at 997. Unlike the relator in *Christensen v. Bd. of Commrs. on Grievances & Discipline* (1991), 61 Ohio St.3d 534, 537, 575 N.E.2d 790, 792, Potts has no procedure that is the equivalent of an appeal from the CLE Commission's denial of his credit. See, also, *Howard v. Spore* (2001), 91 Ohio St.3d 131, 132, 742 N.E.2d 649, 650.

{¶ 23} Based on the foregoing, Potts has established his entitlement to the requested extraordinary relief in mandamus. We therefore grant the writ of mandamus to compel the CLE Commission to apply the maximum twelve excess CLE credit hours earned by Potts during the 1997-1998 reporting period to his 1999-2000 reporting period.

*Writ of mandamus granted*
*and writ of prohibition denied.*

MOYER, C.J., DOUGLAS, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

RESNICK, J., not participating.

_____

*James D. Caruso*, for relator.

*Betty D. Montgomery*, Attorney General, and *Elise Porter*, Assistant Attorney General, for respondent.

_____