Martin L. Holloman, pro se.

---

THE STATE EX REL. McGRATH, APPELLANT, *v.* OHIO
ADULT PAROLE AUTHORITY ET AL., APPELLEES.

[Cite as *State ex rel. McGrath v. Ohio Adult Parole Auth.,* 100 Ohio St.3d 72, 2003-Ohio-5062.]

(No. 2003–0945—Submitted August 26, 2003—Decided October 8, 2003.)

---

Per Curiam.

{¶ 1} In 2000, appellant, Joseph James McGrath, was convicted of retaliation, falsification, menacing by stalking, aggravated trespassing, and two counts of breaking and entering and was sentenced to prison. On appeal, the court of

---

appeals affirmed McGrath's convictions and sentence. *State v. McGrath* (Sept. 6, 2001), Cuyahoga App. No. 77896, 2001 WL 1167152, appeal not allowed (2002), 94 Ohio St.3d 1432, 761 N.E.2d 47.

{¶ 2} In January 2003, McGrath filed a complaint in the Court of Appeals for Cuyahoga County. McGrath alleged that after he was released from prison in December 2002, appellee Ohio Adult Parole Authority ("APA") placed him on postrelease control under R.C. 2967.28 for a period of three years. McGrath requested writs of mandamus and prohibition prohibiting appellees, the APA and APA parole officers from Cleveland, from usurping his rights. McGrath claimed that the APA's alleged imposition of postrelease control was unauthorized because postrelease control was not part of his criminal sentence.

{¶ 3} McGrath also filed an affidavit of indigency and moved for in forma pauperis status, but he did not file an affidavit describing his civil actions and appeals in the previous five years, as required by R.C. 2969.25(A).

{¶ 4} The APA moved to dismiss McGrath's complaint, and on April 17, 2003, the court of appeals granted the APA's motion and dismissed the complaint. The court of appeals reasoned that the writs were inappropriate because the APA did not exercise judicial power, that McGrath had an adequate remedy at law by direct appeal, and that McGrath had not complied with R.C. 2969.25(A).

{¶ 5} McGrath asserts that the court of appeals erred in dismissing his complaint. Although some of the reasons specified by the court of appeals were erroneous,[1] it properly dismissed McGrath's complaint for writs of mandamus and prohibition.

{¶ 6} McGrath's mandamus claim is meritless because his true objectives are a declaratory judgment (to declare the APA's actions illegal) and a prohibitory injunction (to prevent the APA and its parole officers from continuing their postrelease control of him). "When the allegations of a mandamus complaint establish that the true objectives are a declaratory judgment and a prohibitory injunction, the complaint does not state a cause of action and must be dismissed for want of jurisdiction." *State ex rel. Denton v. Bedinghaus,* 98 Ohio St.3d 298, 2003-Ohio-861, 784 N.E.2d 99, ¶ 23.

---

1. The requirements of R.C. 2969.25 apply only to inmates. An "inmate" for purposes of R.C. 2969.25 is "a person who is in actual confinement in a state correctional institution or in a county, multicounty, municipal, municipal-county, or multicounty-municipal jail or workhouse or a releasee who is serving a sanction in a violation sanction center." R.C. 2969.21(D). There is no allegation that McGrath is either confined or is serving a sanction in a violation sanction center. Therefore, the court of appeals erred in holding that McGrath had violated R.C. 2969.25. Moreover, McGrath did not have an adequate remedy by appealing his convictions and sentence because he does not challenge his trial court's sentence. Instead, he challenges the APA's alleged action in imposing postrelease control.

{¶ 7} McGrath's prohibition claim is also meritless. As the court of appeals correctly determined, neither the APA nor its parole officers exercised judicial or quasi-judicial authority in imposing postrelease control on McGrath. See *State ex rel. Potts v. Comm. on Continuing Legal Edn.* (2001), 93 Ohio St.3d 452, 455, 755 N.E.2d 886, quoting *State ex rel. Wright v. Ohio Bur. of Motor Vehicles* (1999), 87 Ohio St.3d 184, 186, 718 N.E.2d 908 (" 'Quasi-judicial authority is the power to hear and determine controversies between the public and individuals that *require* a hearing resembling a judicial trial' "). (Emphasis added in *Potts*.)

{¶ 8} Therefore, we affirm the judgment of the court of appeals. Reviewing courts are not authorized to reverse a correct judgment on the basis that some or all of the lower court's reasons are erroneous. *State ex rel. Johnson v. Ohio Dept. of Rehab. & Corr.* (2002), 95 Ohio St.3d 70, 72, 765 N.E.2d 356.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

---

Joseph James McGrath, pro se.

Jim Petro, Attorney General, and Kelley A. Sweeney, Assistant Attorney General, for appellees.