DECISION
 IN PROHIBITION ON SUA SPONTE DISMISSAL {¶ 1} On May 20, 2008, relator, William Totten ("relator"), commenced this original action requesting that this court issue a writ of prohibition ordering respondent, Judge Daniel T. Hogan ("respondent"), to refrain from imposing a period of post-release *Page 2 
control in a judgment entry dated April 12, 2000. Relator argues that because the trial court failed to orally notify him, at his sentencing hearing, that a period of post-release control would be imposed upon him, respondent must be prohibited from imposing such post-release control.
 {¶ 2} Pursuant to Civ. R. 53 and Loc. R. 12(M) of the Tenth Appellate District, this case was referred to a magistrate to conduct appropriate proceedings. On June 12, 2008, the magistrate filed a decision containing findings of fact and conclusions of law, and recommending that we dismiss the complaint sua sponte for failure to state a claim upon which relief may be granted. (Attached hereto as Appendix A.) The magistrate recommended this court sua sponte dismiss the instant action for failure to state a claim because relator had failed to allege one of the essential elements of a cause of action for a writ of prohibition; that is, that respondent be poised to perform a judicial act. The magistrate emphasized that the court had previously performed the judicial act on April 12, 2000, when it journalized relator's sentencing entry.
 {¶ 3} On June 17, 2008, following the issuance of the magistrate's decision, respondent filed a motion to dismiss pursuant to Ohio Civ. R. 12(B)(6). By entry journalized June 25, 2008, this court decided to address the motion to dismiss contemporaneously with our review of the magistrate's decision. Relator did not file objections to the magistrate's decision, nor did he file a memorandum in opposition to respondent's motion.
 {¶ 4} Following an independent review of the magistrate's decision, we find no error of law or other defect on the face of the magistrate's decision. We adopt the magistrate's decision as our own, including the findings of fact and conclusions of law *Page 3 
therein. In accordance with the magistrate's decision, we sua sponte dismiss this action. Respondent Judge Hogan's motion to dismiss is hereby rendered moot.
Action dismissed;
 motion to dismiss rendered moot.
 BROWN and TYACK, JJ., concur. *Page 4 
 APPENDIX A MAGISTRATE'S DECISION IN PROHIBITION ON SUA SPONTE DISMISSAL {¶ 5} Relator, William Totten, has filed this original action requesting that this court issue a writ of prohibition ordering respondent, Judge Daniel T. Hogan, to refrain from adding a period of post-release control to the judgment entry filed April 12, 2000, because respondent failed to orally give relator notice that he would be subject to post-release control at the April 10, 2000 sentencing hearing. *Page 5 
Findings of Fact: {¶ 6} 1. Relator was previously incarcerated at the London Correctional Institution following his conviction in the Franklin County Court of Common Pleas on two counts of possession of cocaine. The trial court imposed sentences of seven years for each count and ordered that they be served concurrently. The trial court entry notified relator that he may be subject to applicable periods of post-release control pursuant to R.C. 2929.19(B)(3)(c), (d) and (e).
 {¶ 7} 2. On March 29, 2008, relator was released from custody and placed on post-release control.
 {¶ 8} 3. On March 31, 2008, relator filed an original action in this court in case number 08AP-257 against the Ohio Department of Rehabilitation and Correction and Ohio Adult Parole Authority seeking writs of both habeas corpus and prohibition alleging that his post-release control is void because the sentencing judge failed to orally notify him that post-release control was part of his sentence. Relator attached the relevant portion of the transcript from his sentencing hearing in support. Relator argued that respondents were without legal authority to place him under post-release control supervision.
 {¶ 9} 4. On April 24, 2008, respondents in the first action filed a motion to dismiss on grounds that habeas corpus relief was not warranted because relator was not in actual physical custody. Respondents' motion did not address whether prohibition relief was appropriate.
 {¶ 10} 5. Relator did not file a response. *Page 6 
 {¶ 11} 6. In a decision rendered May 22, 2008 in case number 08AP-257, the magistrate concluded that respondents' motion to dismiss should be granted because neither a writ of habeas corpus nor a writ of prohibition were the appropriate remedies.
 {¶ 12} 7. The day before the magistrate's decision was rendered, relator filed the instant prohibition action asserting that respondent, Judge Hogan, does not have authority to place a period of post-release control in the April 12, 2000 judgment entry because of respondent's failure to orally inform relator that he could be subject to a period of post-release control during the April 10, 2000 sentencing hearing.
 {¶ 13} 8. In order to conserve the parties' time and resources, the magistrate is determining the matter sua sponte.
Conclusions of Law: {¶ 14} Dismissal of an action for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs. (1992),65 Ohio St.3d 545. In reviewing the complaint, the court must take all the material allegations as admitted and construe all reasonable inferences in favor of the nonmoving party. Id.
 {¶ 15} In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that relator can prove no set of facts entitling him to recovery. O'Brien v. University Community TenantsUnion (1975), 42 Ohio St.2d 242. As such, a complaint for writ of mandamus is not subject to dismissal under Civ. R. 12(B)(6) if the complaint alleges the existence of a legal duty by the respondent and the lack of an adequate remedy at law for relator with sufficient particularity to put the respondent on notice of the substance of the claim *Page 7 
being asserted against it, and it appears that relator might prove some set of facts entitling him to relief. State ex rel. Boggs v. SpringfieldLocal School Dist. Bd. of Edn. (1995), 72 Ohio St.3d 94. For the following reasons, relator's complaint should be dismissed.
 {¶ 16} A writ of prohibition is an extraordinary judicial writ, the purpose of which is to restrain inferior courts and tribunals from exceeding their jurisdiction. State ex rel. Tubbs Jones v. Suster
(1998), 84 Ohio St.3d 70. A writ of prohibition is customarily granted with caution and restraint, and is issued only in cases of necessity arising from the inadequacy of other remedies. Id. In order to be entitled to a writ of prohibition, relator must establish that: (1) respondent is about to exercise judicial or quasi-judicial powers; (2) the exercise of the power is unauthorized by law; and (3) the denial of the writ will cause injury for which no other adequate remedy in the ordinary course of law exists. State ex rel. Henry v. McMonagle (2000),87 Ohio St.3d 543.
 {¶ 17} In the magistrate's decision rendered May 22, 2008, the magistrate analyzed the pertinent case law explaining why relator was not entitled to a writ of habeas corpus or a writ of prohibition.
 {¶ 18} In State ex rel. McGrath v. Ohio Adult Parole Auth.,100 Ohio St.3d 72, 2003-Ohio-5062, McGrath requested writs of mandamus and prohibition prohibiting the APA from enforcing a period of post-release control. McGrath alleged that imposition of post-release control was unauthorized because it was not part of his sentence. The court held that neither mandamus nor prohibition were proper:
 McGrath's mandamus claim is meritless because his true objectives are a declaratory judgment (to declare the APA's actions illegal) and a prohibitory injunction (to prevent the *Page 8 
APA and its parole officers from continuing their postrelease control of him). "When the allegations of a mandamus complaint establish that the true objectives are a declaratory judgment and a prohibitory injunction, the complaint does not state a cause of action and must be dismissed for want of jurisdiction." State ex rel. Denton v. Bedinghaus, 98 Ohio St.3d 298, 2003-Ohio-861, * * * at ¶ 23.
 McGrath's prohibition claim is also meritless. As the court of appeals correctly determined, neither the APA nor its parole officers exercised judicial or quasi-judicial authority in imposing postrelease control on McGrath. See State ex rel. Potts v. Comm. On Continuing Legal Edn. (2001), 93 Ohio St.3d 452, 455 * * * (" `Quasi-judicial authority is the power to hear and determine controversies between the public and individuals that require a hearing resembling a judicial trial'"). (Emphasis added in Potts.)
Id. at ¶ 6-7.
 {¶ 19} Further, here, respondent, Judge Hogan, is not about to exercise judicial powers. Instead, respondent already performed the act on April 12, 2000. As such, there is no action to prohibit. Because a writ of prohibition is not appropriate in this circumstance, as previously explained by the magistrate, the magistrate would dismiss this action. *Page 1