BAUMGARTNER, APPELLANT, *v.* DUFFEY, WARDEN, APPELLEE.

[Cite as *Baumgartner v. Duffey*, 121 Ohio St.3d 356, 2009-Ohio-1218.]

*Vexatious litigators — R.C. 2323.52 — Failure to obtain leave of court before filing petition for writ of habeas corpus — Denial of writ affirmed.*

(No. 2008-2057 — Submitted March 11, 2009 — Decided March 24, 2009.)

APPEAL from the Court of Appeals for Union County, No. 14-08-32.

_____

**Per Curiam.**

**{¶ 1}** We affirm the judgment of the court of appeals dismissing the petition for a writ of habeas corpus of appellant, Elsebeth Baumgartner, challenging the revocation of her bail pending appeal. Baumgartner's bail was revoked when she violated a condition by filing a lawsuit in a federal district court without the express written permission of the common pleas court judge.

**{¶ 2}** Baumgartner claims that the court of appeals erred in dismissing her petition because habeas corpus is the proper vehicle to challenge excessive bail after a judgment of conviction and because one of the conditions of bail ─ that she file no lawsuit in any court against any public official without the express written permission of the common pleas court judge ─ was excessive. See, e.g., *State ex rel. Pirman v. Money* (1994), 69 Ohio St.3d 591, 594, 635 N.E.2d 26; *Mayer v. Bristow* (2000), 91 Ohio St.3d 3, 19-20, 740 N.E.2d 656 (no authority "purports to authorize a single state common pleas court to control the processes of every state and federal court throughout the United States"); *Ex Parte Hull* (1941), 312 U.S. 546, 549, 61 S.Ct. 640, 85 L.Ed. 1034 ("the state and its officers may not abridge or impair petitioner's right to apply to a federal court").

**{¶ 3}** Even if her claim had merit, dismissal was still warranted. Baumgartner was declared a vexatious litigator in 2004.

http://www.supremecourt.ohio.gov./Clerk//vexatious. Thus, she could not "institute legal proceedings in a court of appeals * * * without first obtaining leave of the court of appeals to proceed" in accordance with the vexatious-litigator statute. R.C. 2323.52(D)(3). She did not obtain leave of the court of appeals to proceed before she filed her habeas corpus petition. Once Baumgartner apprised the court of appeals of her status as a vexatious litigator, the court should have dismissed the cause without addressing the merits of her habeas corpus claim. See R.C. 2323.52(I); *State ex rel. Sapp v. Franklin Cty. Court of Appeals*, 118 Ohio St.3d 368, 2008-Ohio-2637, 889 N.E.2d 500.

{¶ 4} Therefore, we affirm the judgment of the court of appeals. Although the court of appeals did not rely on this rationale to dismiss the petition, we will not reverse a correct judgment even if some or all of the lower court's rationale was erroneous. *Goudlock v. Voorhies*, 119 Ohio St.3d 398, 2008-Ohio-4787, 894 N.E.2d 692, ¶ 12.[1]

Judgment affirmed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, and CUPP, JJ., concur.

LANZINGER, J., not participating.

————————————

Sandra J. Finucane, for appellant.

Richard Cordray, Attorney General, and Jerri L. Fosnaught, Assistant Attorney General, for appellee.

————————————

---

1. We deny appellee's motion to dismiss this appeal as moot.