[Cite as *Haggerty v. Upchurch*, 2014-Ohio-3162.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY   COUNTY**

| | | |
|---|---|---|
| STEVEN E. HAGGERTY | : | |
| | : | Appellate Case No. CA 25912 |
| Plaintiff-Appellee | : | |
| | : | Trial Court No. 2012 MSC 00110 |
| v. | : | |
| | : | |
| CAROLE J. UPCHURCH, et al. | : | (Civil Appeal from Probate Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 18th day of July, 2014.

. . . . . . . . . . .

CHARLES M. BLUE, Atty. Reg. #0074329, and BROOKS A. COMPTON, Atty. Reg. #0014767, Murr Compton Claypoole & Macbeth, 401 East Stroop Road, Kettering, Ohio 45429-2829
        Attorneys for Plaintiff-Appellee, Steven E. Haggerty

CARL D. SHERRETS, Atty. Reg. #0040621, and HEATHER F. SHANNON, Atty. Reg. #0082580, Sherrets Law Offices, LLC, 580 Lincoln Park Boulevard, Suite 399, Kettering, Ohio 45429
        Attorneys for Defendant-Appellant, Carole Upchurch

. . . . . . . . . . . .

HALL, J.,

   {¶ 1}   Carole Upchurch appeals the trial-court judgment in her favor that dismisses the

will-contest action of Steven Haggerty, the appellee, based on untimely service under Civ.R. 3(A) and 4(E). Upchurch challenges the court's additional conclusion that the statute of limitations on will-contest actions in R.C. 2107.76 is not also grounds for dismissal. Whether the limitations statute applies is a moot issue because the trial court's judgment, dismissing the action under the civil rules, is correct. We affirm.

## I. BACKGROUND

{¶ 2}     On November 28, 2011, Upchurch and Haggerty's mother died, and her will names Upchurch the executor of her estate. Haggerty was in prison when she died but that did not stop him from filing a will-contest action a few months after he was notified that his mother's will had been admitted to probate. Haggerty named Upchurch as a defendant, but he did not obtain service on her until over a year after he had filed the action. Upchurch moved to dismiss the action based on Haggerty's failure to serve her timely under Civ.R. 3(A), which requires that for a civil action to commence, service must be obtained on the defendants within one year from the filing of the complaint, or under Civ.R. 4(E), which requires dismissal if service is not obtained within six months from the complaint's filing and the plaintiff fails to show good cause for late service. Upchurch also sought dismissal based on the will-contest statute of limitations in R.C. 2107.76, which precludes a person from filing a will-contest action more than three months after the probate certification was filed, unless the person was under a legal disability at the time. If the person was under a legal disability, he has until three months after the disability is removed to file the action.

{¶ 3}     The trial court concluded that dismissal under both civil rules was proper. The court found that Haggerty served Upchurch over a year after he had filed his complaint–in excess

of Civ.R. 3(A)'s one-year service requirement and well in excess of Civ.R. 4(E)'s six-month requirement for service. The court also noted that Haggerty failed to offer any explanation for the untimely service. But the court concluded that dismissal was not proper under the statute of limitations in R.C. 2107.76. The court found that Haggerty had been in prison since December 10, 2010, and that being in prison is a "legal disability," giving Haggerty until three months after his release to file his action. The trial court dismissed the action without prejudice.[1]

{¶ 4} Upchurch appealed.

## II. ANALYSIS

{¶ 5} The sole assignment of error challenges the trial court's determination that the will-contest statute of limitations in R.C. 2107.76 does not bar Haggerty's action. Upchurch contends that the court's conclusion is incorrect that being in prison is a "legal disability."

{¶ 6} Upchurch does not ask us to reverse the trial court's judgment of dismissal–which is in her favor–but asks "that the Trial Court's *Decision* be reversed because Steven Haggerty is not legally disabled due to his imprisonment." (Emphasis added.) Brief of Appellant, 10. However, only a judgment may be reversed. *See* App.R. 12. And if the judgment is correct, we must affirm it, even if one of the trial court's reasons for the judgment may be incorrect. *State ex rel. McGrath v. Ohio Adult Parole Auth.*, 100 Ohio St.3d 72, 2003-Ohio-5062, 796 N.E.2d 526, ¶ 8 ("Reviewing courts are not authorized to reverse a correct judgment on the basis that some or all of the lower court's reasons are erroneous."); *see also Baumgartner v. Duffey*, 121 Ohio St.3d 356, 2009-Ohio-1218, 904 N.E.2d 534, ¶ 4 ("[W]e will not reverse a

---

[1] In her motion to dismiss, Upchurch also argues that the complaint fails to state a claim upon which relief can be granted. The trial court concluded that analysis of this issue was not necessary because the action was not properly commenced under Civ.R. 3(A) and 4(E).

correct judgment even if some or all of the lower court's rationale was erroneous." (Citation omitted.)). Neither party here disputes that dismissal is proper under Civ.R. 3 and 4, so we not only assume that the trial court's judgment is correct, we agree that it is correct. Which means that whether or not the court's conclusion on the alternative grounds for dismissal, the statute of limitations, is correct is a moot issue.

{¶ 7} We note that, according to the records on the Ohio Department of Rehabilitation and Correction's website, Haggerty was released from prison on December 1, 2013. He refiled his will-contest action on February 20, 2014, which the trial court stayed pending the outcome of this appeal. Upchurch may move to dismiss the refiled action under R.C. 2107.76 and, if the trial court denies the motion, may present the statute-of-limitations issue on appeal at the appropriate time. The issue will then be properly before us.

{¶ 8} The sole assignment of error is overruled.

{¶ 9} The trial court's judgment is affirmed.

. . . . . . . . . . . . .

FROELICH, P.J., and DONOVAN, J., concur.

Copies mailed to:

Charles M. Blue
Brooks A. Compton
Carl D. Sherrets
Heather F. Shannon
Christopher Haggerty
John Haggerty
Tami Haggerty
Hon. Alice O. McCollum