[Cite as *State v. Johnson*, 2015-Ohio-217.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| | : | **CASE NO. 2014-G-3231** |
| - vs - | : | |
| CINSEREE JOHNSON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Geauga County Court of Common Pleas, Case No. 12 C 000142.

Judgment:  Appeal dismissed.

*James R. Flaiz,* Geauga County Prosecutor, and *Nicholas A. Burling*, Assistant Prosecuting Attorney, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH 44024 (For Plaintiff-Appellee).

*Cinseree Johnson, pro se,* 12450 Merritt Road, Chardon, OH  44024 (Defendant-Appellant).


THOMAS R. WRIGHT, J.

{¶1}   This appeal is from three judgments issued in a criminal action before the Geauga County Court of Common Pleas.  In the first judgment, dated May 15, 2013, the trial court set a $7,500 cash or surety bond.  In the second judgment, dated, July 30, 2014, the court overruled appellant's oral motion to be released on bond until her sentence is imposed.  In the third judgment, dated September 29, 2014, the trial court

overruled appellant's motion to vacate its May 15, 2013 order setting bond. As a part of the third judgment, the court also entered interlocutory rulings upon other pending motions.

{¶2} Although not cited by the state in its submissions in this appeal, appellant has previously been designated a vexatious litigator under Ohio law. *See Johnson v. Gallagher*, 8th Dist. Cuyahoga No. 93009, 2009-Ohio-5385, ¶2, citing *Johnson v. Pyle*, Athens County Court of Common Pleas Nos. 08CI303 and 08CI305. As a result of this designation, institution of legal proceedings is governed by R.C. 2323.52. In relation to new appellate proceedings, the statute provides, in pertinent part:

{¶3} "(D)(3) A person who is subject to an order entered pursuant to division (D)(1) of this section may not institute legal proceedings in a court of appeals, continue any legal proceedings that the vexatious litigator has instituted in a court of appeals prior to entry of the order, or make any application, other than the application for leave to proceed allowed by division (F)(2) of this section, in any legal proceedings instituted by the vexatious litigator * * * in a court of appeals without first obtaining leave of the court appeals to proceed pursuant to division (F)(2) of this section.

{¶4} "* * *

{¶5} "(F)(2) A person who is subject to an order entered pursuant to division (D)(1) of this section and who seeks to institute or continue any legal proceeding in a court of appeals or to make an application, other than an application for leave to proceed under division (F)(2) of this section, in any legal proceedings in a court of appeals shall file an application for leave to proceed in the court of appeals in which the legal proceedings would be instituted or are pending. The court of appeals shall not

2

grant a person found to be a vexatious litigator leave for the institution or continuance of, or the making of an application in, legal proceedings in the court of appeals unless the court of appeals is satisfied that the proceedings or application are not an abuse of process of the court and that there are reasonable grounds for the proceedings or application.

{¶6} "* * *

{¶7} "(I) Whenever it appears by suggestion of the parties or otherwise that a person found to be a vexatious litigator under this section has instituted, continued, or made an application in legal proceedings without obtaining to proceed from the appropriate court of common pleas or court of appeals to do so under division (F) of this section, the court in which the legal proceedings are pending shall dismiss the proceedings or application of the vexatious litigator."

{¶8} In light of the use of the "shall" in the foregoing provisions, an application for leave to proceed is mandatory before a vexatious litigator can go forward with any type of legal proceeding in a court of appeals. *Marin v. Trumbull Cty. Probate Ct.*, 11th Dist. Trumbull No. 2012-T-0016, 2012-Ohio-2011, ¶19-20. If the required application for leave is not filed, dismissal is mandatory. *The Huntington National Bank v. Lomaz*, 11th Dist. Portage No. 2005-P-0075, 2006-Ohio-3880, ¶14.

{¶9} Appellant has not filed an application for leave to proceed. On this basis alone, dismissal of this appeal is warranted.

{¶10} When the appeal was filed, the trial court had not issued a sentencing judgment in the underlying criminal action. As a result, the three judgments appellant appealed were interlocutory orders not subject to an immediate appeal. However, while

3

the appeal was pending, the trial court issued its sentencing judgment on December 8, 2014. In some instances, the issuance of that judgment in the trial proceeding can have the effect of rendering an existing appeal from an interlocutory order "premature" for purposes of determining whether it is properly before the appellate court. Under App.R. 4(C), the existing appeal is deemed to have been filed immediately after the issuance of the sentencing judgment, and the appeal proceeds even though it was taken from a non-final order. But, given that appellant has not applied for leave to proceed under R.C. 2323.52(F)(2), it is not necessary to decide if App.R. 4(C) is applicable to this appeal. Even if appellant has otherwise satisfied all other requirements under the Rules of Appellate Procedure, she is not entitled to go forward unless she has been granted leave pursuant to a proper application.

{¶11} As a designated vexatious litigator, appellant has not satisfied the statutory requirement for instituting a new appellate proceeding. Therefore, this appeal is hereby dismissed in its entirety.

TIMOTHY P. CANNON, P.J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

_____

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

{¶12} The following eight cases have been filed by Cinseree Johnson and are currently pending in this court: *Johnson v. Geauga County Court of Common Pleas,* 11th Dist. Geauga No. 2014-G-3206 (writ of prohibition); *Johnson v. Summit County*

4

*Court of Common Pleas, Psycho Diagnostic Clinic, et al.,* 11th Dist. Geauga No. 2014-G-3207 (writ of prohibition); *State v. Johnson*, 11th Dist. Geauga No. 2014-G-3215 (delayed appeal and notice of voluntary dismissal); *State v. Johnson*, 11th Dist. Geauga No. 2014-G-3219 (appeal); *State v. Johnson*, 11th Dist. Geauga No. 2014-G-3223 (appeal); *State v. Johnson*, 11th Dist. Geauga No. 2014-G-3229 (appeal); *State v. Johnson*, 11th Dist. Geauga No. 2014-G-3230 (appeal); and, *State v. Johnson*, 11th Dist. Geauga No. 2014-G-3231 (appeal). All relate to the same underlying criminal action, *State v. Johnson*, Geauga C.P. No. 12C000142. Ms. Johnson requests various, and often conflicting, relief from this court. All were filed before the trial court sentenced her.

{¶13} The majority denies the petitions for writs finding Ms. Johnson cannot meet the standards for obtaining leave to file the petitions. It dismisses the appeals because appellant is a vexatious litigator, and has not sought leave of this court to appeal. R.C. 2323.52(D)(3).

{¶14} I am aware that the courts of Ohio have held that once a person is designated a vexatious litigator, he or she must seek leave of court to pursue any action in a court of appeals, even in the criminal setting. *See, e.g.*, *Baumgartner v. Duffey*, 121 Ohio St.3d 356, 2009-Ohio-1218, ¶3. I respectfully question this position. The vexatious litigator statute, by its terms, is directed at people who "habitually, persistently, and without reasonable grounds [engage] in vexatious conduct in a *civil* action or actions." (Emphasis added.) R.C. 2323.52(A)(3). I agree the restrictions placed on vexatious litigators are not reserved simply for civil actions, by the plain language of the statute. *See, e.g.*, R.C. 2323.52(D)(3). However, "[i]t is a cardinal rule

5

of statutory construction that a statute should not be interpreted to yield an absurd result." *Mishr v. Poland Bd. of Zoning Appeals*, 76 Ohio St.3d 238, 240 (1996). I do not see how applying the restrictions of the vexatious litigator statute to criminal proceedings, instituted by the state against an individual, forwards the obvious purpose of the statute, which is to prevent frivolous civil actions.

{¶15} As the majority notes the trial court filed its judgment entry of sentence December 8, 2014. This is a final appealable order. Consequently, I would dismiss the petitions for writs as moot, accept the various appeals as prematurely filed under App.R. 4, and consolidate them for disposition. I would further appoint appellant counsel for purposes of appeal.

{¶16} I respectfully dissent.