Kennedy, J., dissenting.
{¶ 16} Because a majority of this court fails to adhere to our fundamental role as members of the judiciary when interpreting court rules, I dissent. When a court rule is plain and unambiguous, we apply it as written. State ex rel. Potts v. Comm. on Continuing Legal Edn. , 93 Ohio St.3d 452, 456, 755 N.E.2d 886 (2001). Because the *942 language of Juv.R. 9 is plain and unambiguous and does not grant a juvenile court authority to dismiss a formally filed charge, the juvenile court abused its discretion in dismissing the delinquency complaint in this case.
{¶ 17} Moreover, charging an allegedly delinquent child under the age of 13 with gross sexual imposition pursuant to R.C. 2907.05(A)(4) when the victim is also a child under the age of 13 requires the state to prove the mens rea element that the offender was purposely gratifying either himself or the victim. It is therefore possible to differentiate the offender from the victim under the facts of this case, and R.C. 2907.05(A)(4) is not unconstitutionally vague or arbitrary as applied to appellant, D.S.
*115 {¶ 18} Therefore, I would affirm the judgment of the Tenth District Court of Appeals reversing the judgment of the juvenile court and remanding the case to that court for further proceedings.
{¶ 19} The lead opinion paraphrases our holding in In re M.D. , 38 Ohio St.3d 149, 527 N.E.2d 286 (1988), but it then writes a new ending. According to the lead opinion, this court in In re M.D. "stated that upon the filing of the complaint against M.D., 'it reasonably devolved on the juvenile judge to dismiss it' pursuant to the mandates of the policies embodied in the relevant statutes and in Juv.R. 9(A)." Lead opinion at ¶ 10, quoting In re M.D. at 154, 527 N.E.2d 286.
{¶ 20} But did we really say-or even imply-in In re M.D. that the juvenile court could have dismissed a formally filed complaint pursuant to Juv.R. 9(A) ? No.
{¶ 21} The full text of the quoted passage reads:
It was inappropriate that this case was filed in juvenile court. The case having been filed , it reasonably devolved on the juvenile judge to dismiss it pursuant to the mandates of R.C. Chapter 2151 . The failure to dismiss resulted in a denial of M.D.'s constitutional rights to due process under the law, * * * which should have been vindicated by the court of appeals.
(Emphasis added.) In re M.D. at 154, 527 N.E.2d 286.
{¶ 22} So what really happened? M.D. was adjudicated a delinquent child after the juvenile court found, beyond a reasonable doubt, each statutory element of the crime of complicity to rape . Id. 38 Ohio St.3d at 150, 151, 527 N.E.2d 286. In order for the juvenile court to have adjudicated M.D. delinquent for committing complicity to rape, an actual rape would had to have occurred. After a review of the statutory elements of rape and the evidence, we concluded that no rape had been committed. Id. at 151-152, 527 N.E.2d 286.
{¶ 23} The only proscribed act of sexual conduct that "resemble[d]" what two five-year-olds did at M.D.'s instruction was fellatio, which this court defined as " 'the practice of obtaining sexual satisfaction by oral stimulation of the penis.' " Id . at 152, 527 N.E.2d 286, quoting Webster's Third New International Dictionary 836 (1986). Because the evidence demonstrated that "[f]ellatio did not occur," we concluded that "no rape was committed to which [M.D.] could be an accessory." Id . Therefore, we recognized that "[a]djudicating a child as 'delinquent' under circumstances where, as here, the child has neither committed a crime nor violated a lawful order * * * is obviously contrary to R.C. Chapter 2151." (Emphasis added.) Id .
*116 {¶ 24} After determining that the adjudication was contrary to *943 R.C. Chapter 2151, we went on to say that "[e]ven assuming * * * that the conduct here technically involved a 'rape' " (emphasis added), In re M.D. at 152, 527 N.E.2d 286, if the Cuyahoga County Juvenile Court ("CCJC") had followed its own intake policy based on Juv.R. 9, then the case would never have been filed, id. at 152-154, 527 N.E.2d 286.
{¶ 25} The CCJC's intake policy relating to statutory-rape charges involving children under the age of 13 provided, " 'Rape-Complaint shall be taken and set before a JUDGE unless subject is under age 13 years, in which case matter may be diverted.' " (Capitalization sic.) Id. , 38 Ohio St.3d at 153, 527 N.E.2d 286, quoting the intake policy. A memorandum in the record of the case from the legal department of the CCJC further emphasized the intake policy:
"In situations where there is an allegation of sexual conduct involving no force and both the alleged offender and the victim are under 13 years of age, charges are not to be taken under the above statute. As an alternative, the intake mediator may consider unruly charges on one or both children."
Id. , quoting the memorandum.
{¶ 26} Thereafter, we stated that it was "inappropriate" that the case was filed, but given that the case had been filed, we stated that "it reasonably devolved on the juvenile judge to dismiss it pursuant to the mandates of R.C. Chapter 2151" because M.D. had committed no crime. Id. at 154, 527 N.E.2d 286.
{¶ 27} Having determined that our decision in In re M.D. did not authorize a juvenile court to use Juv.R. 9(A) to dismiss a case after formal charges have been filed, I turn to the language of the rule to determine what Juv.R. 9 does permit a juvenile court to do.
{¶ 28} "To interpret court rules, this court applies general principles of statutory construction. * * * Therefore, we must read undefined words or phrases in context and then construe them according to rules of grammar and common usage." State ex rel. Law Office of Montgomery Cty. Pub. Defender v. Rosencrans , 111 Ohio St.3d 338, 2006-Ohio-5793, 856 N.E.2d 250, ¶ 23. In determining the intent of the rule, in addition to the language, we also review "the purpose to [be] accomplished." State ex rel. Hawkins v. Pickaway Cty. Bd. of Elections , 75 Ohio St.3d 275, 277, 662 N.E.2d 17 (1996).
{¶ 29} Along with these rules of construction, interpretation of the Juvenile Rules requires a liberal construction to care for and protect children under the jurisdiction of the court and to protect the community and the public interest by *117 "treating children as persons in need of supervision, care and rehabilitation." Juv.R. 1(B)(3) and (4).
{¶ 30} The full text of Juv.R. 9, which is titled "Intake ," reads:
(A) Court action to be avoided.
In all appropriate cases formal court action should be avoided and other community resources utilized to ameliorate situations brought to the attention of the court.
(B) Screening; referral.
Information that a child is within the court's jurisdiction may be informally screened prior to the filing of a complaint to determine whether the filing of a complaint is in the best interest of the child and the public.
*944 {¶ 31} A plain reading of Juv.R. 9(A) establishes that if an appropriate matter is brought to the court's attention, other community resources can be used in lieu of formal court action. Moreover, Juv.R. 9(B) gives the juvenile court discretion to examine cases prior to the filing of formal charges in order to determine whether it is in the best interest of the child and the public to permit the filing of formal charges.
{¶ 32} The provisions of Juv.R. 9 are restated in Loc.R. 19 of the Court of Common Pleas of Franklin County, Juvenile Court, available at https://drj.fccourts.org/Rules.aspx?rtype=J& rid=58& F=E (accessed Sept. 21, 2017). Loc.R. 19 thereafter advises that in conformity with Juv.R. 9, the court may facilitate, for "certain delinquency and unruly cases," an informal intake conference and diversion referral in lieu of formal action. (Emphasis added.) Loc.R. 19 then provides that "[g]enerally, informal conferences will be available only for first time misdemeanor charges and status offenses " and that "to be eligible for an informal conference a youth must be willing to admit to the operative facts to the action." (Emphasis added.)
{¶ 33} D.S. was charged with three delinquency counts of gross sexual imposition pursuant to R.C. 2907.05(A)(4), which would have been felonies of the third degree if committed by an adult. Unlike the CCJC in In re M.D. , which had an intake policy regarding allegations of rape involving children under 13 years of age, see 38 Ohio St.3d at 153, 527 N.E.2d 286, the Franklin County Juvenile Court's local rules do not provide for an informal screening process for sexual offenses. Moreover, the court's informal intake conferences are generally limited to situations involving "first time misdemeanor charges and status offenses." Loc.R. 19.
*118 {¶ 34} Despite the lead opinion's conclusion that it is permissible for a juvenile court to use Juv.R. 9 to dismiss a formal complaint, the word "dismiss" does not appear in Juv.R. 9. While Juv.R. 1(B) requires us to liberally construe the Juvenile Rules, that mandate does not give us the authority to rewrite Juv.R. 9, Armstrong v. John R. Jurgensen Co. , 136 Ohio St.3d 58, 2013-Ohio-2237, 990 N.E.2d 568, ¶ 13, or to simply ignore the wording of the rule or to add words to it, State ex rel. Burrows v. Indus. Comm. , 78 Ohio St.3d 78, 81, 676 N.E.2d 519 (1997).
{¶ 35} Additional support-beyond the mere wording of the rule-that Juv.R. 9 does not permit a juvenile court to dismiss a formally filed complaint is its context within the Juvenile Rules. There are only two Juvenile Rules that expressly authorize a juvenile court to dismiss a complaint. Juv.R. 34(A), which does not apply here, permits the dismissal of an abuse, neglect, or dependency complaint without prejudice if the dispositional hearing is not held within 90 days after the filing of the complaint.
{¶ 36} Juv.R. 29(F), which could apply to the present case, permits a juvenile court to dismiss a complaint if the allegations of the complaint are not proved, Juv.R. 29(F)(1) ; if the allegations are admitted or proved, the juvenile court may nevertheless dismiss the complaint "if dismissal is in the best interest of the child and the community," Juv.R. 29(F)(2)(d).
{¶ 37} A majority of this court holds that the juvenile court did not abuse its discretion when it dismissed the complaint pursuant to Juv.R. 9. "The term 'abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." State v. Adams , 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980), citing *945 Steiner v. Custer , 137 Ohio St. 448, 31 N.E.2d 855 (1940), Conner v. Conner , 170 Ohio St. 85, 162 N.E.2d 852 (1959), and Chester Twp. v. Geauga Cty. Budget Comm. , 48 Ohio St.2d 372, 358 N.E.2d 610 (1976). Because the juvenile court had no authority pursuant to Juv.R. 9 to dismiss the formal complaint, the court abused its discretion.
{¶ 38} Having concluded that the juvenile court abused its discretion in dismissing the complaint under Juv.R. 9, I turn to the question whether the court's dismissal on the basis that R.C. 2907.05(A)(4) is unconstitutionally vague and arbitrary pursuant to our decision in In re D.B. , 129 Ohio St.3d 104, 2011-Ohio-2671, 950 N.E.2d 528, was proper.
{¶ 39} Because the constitutionality of a statute is a legal question, a court's review of a decision holding a statute unconstitutional is de novo. Crutchfield Corp. v. Testa , 151 Ohio St.3d 278, 2016-Ohio-7760, 88 N.E.3d 900, ¶ 16. An analysis of the constitutionality of a statute begins with a presumption of constitutionality.
*119 Burnett v. Motorists Mut. Ins. Co. , 118 Ohio St.3d 493, 2008- Ohio-2751, 890 N.E.2d 307, ¶ 28. "Before a court may declare unconstitutional an enactment of the legislative branch, 'it must appear beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible.' " Groch v. Gen. Motors Corp. , 117 Ohio St.3d 192, 2008-Ohio-546, 883 N.E.2d 377, ¶ 25, quoting State ex rel. Dickman v. Defenbacher , 164 Ohio St. 142, 128 N.E.2d 59 (1955), paragraph one of the syllabus. "A party may challenge a statute as being unconstitutional on its face or as applied to a particular set of facts." Harrold v. Collier , 107 Ohio St.3d 44, 2005-Ohio-5334, 836 N.E.2d 1165, ¶ 37, citing Belden v. Union Cent. Life Ins. Co. , 143 Ohio St. 329, 55 N.E.2d 629 (1944), paragraph four of the syllabus. Because D.S. asserts an "as applied" challenge, he "bears the burden of presenting clear and convincing evidence of a presently existing state of facts that make the statute unconstitutional and void when applied to those facts." Id. at ¶ 38, citing Belden at paragraph six of the syllabus. More specifically, D.S. must prove by clear and convincing evidence that it is unconstitutional to charge a child under the age of 13 with gross sexual imposition under R.C. 2907.05(A)(4) when the victim is also under the age of 13.
{¶ 40} In In re D.B. , the state charged a 12-year-old child with raping an 11-year-old child under R.C. 2907.02(A)(1)(b), which prohibits engaging in "sexual conduct" with a minor under the age of 13, "whether or not the offender knows the age of" the victim. 129 Ohio St.3d 104, 2011-Ohio-2671, 950 N.E.2d 528, at ¶ 2, 8. " 'Sexual conduct' means vaginal intercourse between a male and female [and] anal intercourse, fellatio, and cunnilingus between persons regardless of sex * * *." R.C. 2907.01(A). Notably, there is no mens rea element for the state to prove under R.C. 2907.02(A)(1)(b), because it "criminalizes what is commonly known as 'statutory rape' " and "holds offenders strictly liable for engaging in sexual conduct with children under the age of 13." In re D.B. at ¶ 13.
{¶ 41} In In re D.B. , the juvenile court had adjudicated D.B. delinquent for committing statutory rape, and the court of appeals had affirmed the judgment of the juvenile court. We accepted D.B.'s appeal, which asserted that applying R.C. 2907.02(A)(1)(b) to a child under the age of 13 violated his rights to due process and equal protection under the Ohio and United States Constitutions. In re D.B. at ¶ 11. We agreed with D.B. that the statute was unconstitutional as applied to him.
{¶ 42} First, we held that charging D.B. with statutory rape violated his right to due process:
*946 As applied to children under the age of the 13 who engage in sexual conduct with other children under the age of 13, R.C. 2907.02(A)(1)(b) is unconstitutionally vague because the statute authorizes and encourages arbitrary and discriminatory enforcement. When an adult engages in sexual conduct with a child under the age of 13, it is clear which party is *120 the offender and which is the victim. But when two children under the age of 13 engage in sexual conduct with each other, each child is both an offender and a victim, and the distinction between those two terms breaks down .
(Emphasis added.) Id. at ¶ 24.
{¶ 43} This court noted that its holding will not apply when rape charges are brought under other subsections of R.C. 2907.02(A) and additional elements are present, such as when the other person's ability to resist or consent was impaired or when the offender used force. In re D.B. , 129 Ohio St.3d 104, 2011-Ohio-2671, 950 N.E.2d 528, at ¶ 28.
{¶ 44} This court also held that application of R.C. 2907.02(A)(1)(b) violated D.B.'s right to equal protection:
R.C. 2907.02(A)(1)(b) offers no prosecutorial exception to charging an offense when every party involved in the sexual conduct is under the age of 13; conceivably, the principle of equal protection suggests that both parties could be prosecuted as identically situated. Because D.B. and [the other child] were both under the age of 13 at the time the events in this case occurred, they were both members of the class protected by the statute, and both could have been charged under the offense .
(Emphasis added.) Id. at ¶ 30.
{¶ 45} Accordingly, this court held that charging a juvenile offender with statutory rape under R.C. 2907.02(A)(1)(b) when both the offender and the victim are under the age of 13 is unconstitutional because there is no way to distinguish between the offender and the victim. Id. at ¶ 32.
{¶ 46} Because D.B. and the alleged victim were both under the age of 13, we reversed the juvenile court's judgment that adjudicated D.B. delinquent. 129 Ohio St.3d 104, 2011-Ohio-2671, 950 N.E.2d 528, at ¶ 1.
{¶ 47} D.S. argues that gross sexual imposition under R.C. 2907.05(A)(4) is analogous to the statutory-rape offense under R.C. 2907.02(A)(1)(b) at issue in In re D.B. and that In re D.B. 's holding of unconstitutionality therefore extends to a case like this one in which the state charges a juvenile with gross sexual imposition under R.C. 2907.05(A)(4) and both the offender and the victim are under the age of 13. I would hold that statutory rape is distinguishable from gross sexual imposition under R.C. 2907.05(A)(4) and therefore that In re D.B. does not apply here.
{¶ 48} Unlike the statutory-rape charge at issue in In re D.B. , which is a strict-liability offense, gross sexual imposition under R.C. 2907.05(A)(4) requires the *121 state to prove "sexual contact," which includes the mens rea element of purposely "arousing or gratifying either person," R.C. 2907.01(B). State v. Dunlap , 129 Ohio St.3d 461, 2011-Ohio-4111, 953 N.E.2d 816, ¶ 23. This distinction is meaningful in examining D.S.'s argument because courts have recognized that the "purpose" mens rea element supplied by R.C. 2907.01(B) for the offense of gross sexual imposition *947 under R.C. 2907.05(A)(4) provides a way to distinguish which child is the offender when both the offender and the victim are children under the age of 13. See In re T.A. , 2d Dist. Champaign Nos. 2011-CA-28 and 2011-CA-35, 2012-Ohio-3174, 2012 WL 2866605, ¶ 26 ; In re K.A. , 8th Dist. Cuyahoga Nos. 98924 and 99144, 2013-Ohio-2997, 2013 WL 3582013, ¶ 11 ; In re K.C. , 2015-Ohio-1613, 32 N.E.3d 988, ¶ 13 (1st Dist.).
{¶ 49} Therefore, I would hold, based on the facts of this case, that when the state charges an allegedly delinquent child under the age of 13 with gross sexual imposition under R.C. 2907.05(A)(4) and the victim is also under the age of 13, the charge is not unconstitutionally vague or arbitrary as applied because the mens rea element of the offense, requiring proof that the offender was purposely attempting to gratify the offender or the victim, makes it possible to distinguish the offender from the victim. While the mens rea element of R.C. 2907.05(A)(4) makes it possible to distinguish the offender from the victim when both are under the age of 13, evidence of mens rea (that the offender purposely sought to gratify the offender or the victim) is necessary to actually identify the offender, and the failure of the state to prove the mens rea element beyond a reasonable doubt would mean that the prosecution of that charge would fail.
{¶ 50} Our guiding principle that the Juvenile Rules should be liberally construed to care for and protect children under the jurisdiction of the juvenile court does not embrace an exercise of judicial activism. Juv.R. 9 affords juvenile courts wide latitude in establishing intake policies and procedures to screen out appropriate cases prior to the filing of a formal complaint when the best interest of the child and the public would be served. By adding the word "dismiss" to Juv.R. 9 and ignoring its context within the Juvenile Rules, a majority of this court has exceeded our proper judicial role and unwisely rewritten Juv.R. 9, thereby empowering juvenile courts-seemingly at will-to dismiss formal complaints without the fully developed record that Juv.R. 29(F)(2)(d) requires. In the coming years, the unintended consequences of today's decision will become apparent.
{¶ 51} For all the foregoing reasons, I would affirm the judgment of the court of appeals, which reversed the judgment of the juvenile court and remanded the matter for further proceedings. Therefore, I dissent.
French and DeWine, JJ., concur in the foregoing opinion.