ARMSTRONG, APPELLANT, *v.* JOHN R. JURGENSEN COMPANY ET AL.,

APPELLEES.

[Cite as *Armstrong v. John R. Jurgensen Co.,* 136 Ohio St.3d 58,

2013-Ohio-2237.]

*Workers' compensation—R.C. 4123.01(C)(1)—PTSD—No compensable physical*
*injury—Judgment denying benefits affirmed.*

(No. 2012-0244—Submitted January 23, 2013—Decided June 4, 2013.)

APPEAL from the Court of Appeals for Clark County,

No. 2011-CA-6, 2011-Ohio-6708.

_____

**FRENCH, J**.

**{¶ 1}** In this appeal, we consider whether, for a mental condition to be compensable under the Ohio workers' compensation system, a compensable physical injury sustained by the claimant must cause the mental condition. We hold that it must.

*Facts and Procedural History*

**{¶ 2}** On August 27, 2009, appellant, Shaun Armstrong, was involved in a motor-vehicle accident while operating a one-ton dump truck within the course of his employment by appellee John R. Jurgensen Company. While stopped at a yield sign on an access ramp to I-70 east, Armstrong observed a vehicle approaching from behind with increasing speed. Armstrong braced for a collision, afraid he was going to be seriously injured. The approaching vehicle struck the dump truck from behind, pushed it forward, and came to rest "basically underneath" the dump truck.

**{¶ 3}** After the collision, Armstrong was in shock and did not know the extent of his injuries. Looking in his mirror, Armstrong saw the other driver with

his head down and observed fluid leaking from the vehicles. Armstrong exited the dump truck, afraid the vehicles would catch fire, and called 9-1-1. Armstrong then noticed that the other driver was not moving and that blood was coming from his nose; he suspected the driver was dead. After being transported to the emergency room, Armstrong was treated for physical injuries and released. He was distressed to learn, while in the emergency room, that the other driver had, in fact, died.

{¶ 4} Armstrong filed a workers' compensation claim for his physical injuries, and his claim was allowed for cervical strain, thoracic strain, and lumbar strain. He subsequently requested an additional allowance for posttraumatic-stress disorder ("PTSD"). An Industrial Commission staff hearing officer allowed Armstrong's additional claim, finding his PTSD compensable because it was causally related to his industrial injury and his previously recognized conditions. Jurgensen appealed to the Industrial Commission, which refused the administrative appeal.

{¶ 5} After the Industrial Commission refused Jurgensen's administrative appeal, Jurgensen appealed to the Clark County Court of Common Pleas pursuant to R.C. 4123.512. The parties stipulated that Armstrong suffers from PTSD, and the trial court conducted a bench trial to determine Armstrong's right to workers' compensation benefits for that condition.

{¶ 6} Both Armstrong and Jurgensen presented expert testimony regarding the cause of Armstrong's PTSD. Armstrong presented the videotaped deposition testimony of Jennifer J. Stoeckel, Ph.D., who evaluated Armstrong and diagnosed his PTSD. Dr. Stoeckel testified that Armstrong developed PTSD as a result of the accident and that his physical injuries contributed to and were causal factors in his development of PTSD. Jurgensen, on the other hand, presented the testimony of William L. Howard, Ph.D., who agreed with Dr. Stoeckel that Armstrong suffered from PTSD as a result of the accident, but opined that

2

Armstrong's physical injuries did not cause his PTSD. Dr. Howard testified that the PTSD was caused by witnessing the accident and "the mental observation of the severity of the injury, the fatality, [and] the fact that it could have been life-threatening to him at some point." Dr. Howard believed that Armstrong would have developed PTSD even without his physical injuries.

{¶ 7} The trial court held that Armstrong's PTSD was not compensable, because it did not arise from his physical injuries. The Second District Court of Appeals affirmed, holding that the applicable statutory definition of "injury" includes psychiatric conditions only when they arise from a compensable physical injury. The court of appeals further determined that competent, credible evidence supported the trial court's factual finding that Armstrong's PTSD did not arise from his physical injuries. 2011-Ohio-6708, 2011 WL 6884238, ¶ 39 (2d Dist.).

*Question Presented*

{¶ 8} The question before us is whether R.C. 4123.01(C)(1) limits workers' compensation coverage for psychiatric conditions to those conditions caused by the claimant's compensable physical injury.

*Analysis*

{¶ 9} The Ohio Constitution, Article II, Section 35 vests in the General Assembly the right to establish a workers' compensation system for the purpose of providing workers and their dependents with compensation for death, injuries, and occupational disease occasioned in the course of employment. Article II, Section 35 "gives the General Assembly the sole authority to determine [workers' compensation] coverage and to define which occupational injuries will be covered." *McCrone v. Bank One Corp.*, 107 Ohio St.3d 272, 2005-Ohio-6505, 839 N.E.2d 1, ¶ 34, citing *Rambaldo v. Accurate Die Casting*, 65 Ohio St.3d 281, 288, 603 N.E.2d 975 (1992).

{¶ 10} Aside from certain statutory exceptions, R.C. 4123.54(A) provides that every employee who is injured or contracts an occupational disease

is entitled to receive compensation for loss sustained on account of the injury or occupational disease. R.C. 4123.01(C) defines "injury" for purposes of workers' compensation: " 'Injury' includes any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment." Psychiatric conditions are excluded from the general definition of "injury," "except where the claimant's psychiatric conditions have arisen from an injury or occupational disease sustained by that claimant." R.C. 4123.01(C)(1).

{¶ 11} This case presents an issue of statutory construction, centering on whether Armstrong's PTSD qualifies as an "injury" under R.C. 4123.01(C)(1). Specifically, we must determine what nexus is required between a psychiatric condition and a compensable physical injury for the psychiatric condition to qualify as a compensable injury. Jurgensen maintains that R.C. 4123.01(C)(1) requires a direct and proximate causal relationship between the physical injury and the mental condition, but Armstrong maintains that Ohio courts have always allowed compensation for mental conditions that arise contemporaneously with physical injury, regardless of a causal relationship between the two. The Ohio Association for Justice ("OAJ"), as amicus curiae, has filed a brief in support of Armstrong's position.

{¶ 12} A court's paramount concern in construing a statute is legislative intent. *State ex rel. Dispatch Printing Co. v. Johnson*, 106 Ohio St.3d 160, 2005-Ohio-4384, 833 N.E.2d 274, ¶ 21, citing *State ex rel. Steele v. Morrissey*, 103 Ohio St.3d 355, 2004-Ohio-4960, 815 N.E.2d 1107, ¶ 21. To discern legislative intent, we first consider the statutory language, reading the words and phrases in context, according to rules of grammar and common usage. R.C. 1.42; *State ex rel. Choices for South-Western City Schools v. Anthony*, 108 Ohio St.3d 1, 2005-Ohio-5362, 840 N.E.2d 582, ¶ 40. The court may not delete or insert words, but must give effect to the words the General Assembly has chosen. *Bailey v.*

4

*Republic Engineered Steels, Inc.*, 91 Ohio St.3d 38, 39-40, 741 N.E.2d 121 (2001). When a statute is unambiguous, a court must apply it as written. *Id.* at 40.

**{¶ 13}** R.C. 4123.95 prescribes that the provisions of R.C. Chapter 4123 "shall be liberally construed in favor of employees." R.C. 4123.95 does not, however, license alteration of unambiguous statutory language. *Kilgore v. Chrysler Corp.*, 92 Ohio St.3d 184, 189, 749 N.E.2d 267 (2001) (Moyer, C.J., dissenting) ("R.C. 4123.95 does not authorize this court to effectively rewrite the statutory system in favor of claimants and their lawyers to assure them favorable results"); *Gleich v. J.C. Penney Co., Inc.*, 10th Dist. No. 85AP-276, 1985 WL 10104, *2 (Aug. 8, 1985). The language of R.C. 4123.01(C) is unambiguous, and we must apply it as written. We will not rewrite the statute under the guise of liberal construction.

**{¶ 14}** Pursuant to the plain language of R.C. 4123.01(C)(1), a claimant must sustain physical injury or occupational disease as a prerequisite to recovering workers' compensation benefits for a mental condition. A psychiatric condition is not a workers' compensation injury except when the condition has "arisen from an injury or occupational disease sustained by that claimant." R.C. 4123.01(C)(1). R.C. 4123.01(C)(1) "explicitly codified that 'mental-mental' claims—psychiatric conditions arising solely from job-related emotional stress— were not compensable under the system." *Bailey* at 44 (Cook, J., dissenting); *see also Rambaldo*, 65 Ohio St.3d at 283, 603 N.E.2d 975 ("No Ohio appellate court has ever recognized a workers' compensation claim for mental injury or mental disease caused solely by job-related stress which is unaccompanied by physical injury or occupational disease").

**{¶ 15}** Armstrong and OAJ urge this court to adopt a reading of the term "injury" that embraces the entire episode or accident giving rise to a claimant's physical injuries. We decline to do so. R.C. 4123.01(C), in its entirety, sets forth

a comprehensive definition of "injury" for purposes of workers' compensation. We must read the term "injury" in the R.C. 4123.01(C)(1) exception as consistent with the general definition in R.C. 4123.01(C), which focuses on the resulting harm, not on the cause or means underlying the harm.

{¶ 16} R.C. 4123.01(C) requires that an injury be "received in the course of, and arising out of, the injured employee's employment." The phrase "in the course of" relates to the time, place, and circumstances of an injury, and "arising out of" contemplates a causal connection between the injury and the employment. *Fisher v. Mayfield*, 49 Ohio St.3d 275, 277-278, 551 N.E.2d 1271 (1990). The "injury," however, is distinct from those considerations. While the cause and underlying circumstances are relevant to the question of compensability, once the prerequisites to coverage are met, it is the resultant harm that constitutes the "injury" received or sustained by the claimant, and it is from that harm that the claimant's psychiatric condition must arise.

{¶ 17} Beyond requiring physical injury or occupational disease, R.C. 4123.01(C)(1) also defines the required nexus between the physical injury or occupational disease and a corresponding mental condition. As relevant here, to be compensable, the mental condition must have "*arisen from* an injury * * * sustained by th[e] claimant." (Emphasis added.) R.C. 4123.01(C)(1). "Arisen from," as used in R.C. 4123.01(C)(1), contemplates a causal connection between the mental condition and the claimant's compensable physical injury. "Arise" means "to originate from a specified source[;] to come into being[;] to become operative." *Webster's Third New International Dictionary* 117 (1986). "From" is "a function word to indicate a starting point: * * * [or] to indicate the source or original or moving force of something as * * * the source, cause, means, or ultimate agent of an action or condition." *Id.* at 913. Based on the language of R.C. 4123.01(C)(1), the court of appeals held that "[t]o be compensable, a psychiatric condition must have been started by and therefore result from a

6

physical injury or occupational disease the claimant suffered." 2011-Ohio-6708, 2011 WL 6884238, at ¶ 35. We agree, reading these terms together in context, that the statute requires a causal connection between a claimant's physical injury and the claimant's mental condition.

{¶ 18} The phrase "arisen from" in R.C. 4123.01(C)(1) parallels the language in R.C. 4123.01(C), which states that "injury" includes any injury "received in the course of, and *arising out of*, the injured employee's employment." (Emphasis added.) "[A]rising out of" contemplates a causal connection between the injury and the employment. *Fisher* at 277-278. Armstrong would have us construe the analogous language in R.C. 4123.01(C)(1) as devoid of a similar causative element, thus setting a broad standard requiring only temporal proximity. We discern no basis for distinction and will not overlook the well-established construction of the phrase "arising out of" as relating to causation. The plain language of R.C. 4123.01(C) and (C)(1) requires that to constitute a compensable injury for purposes of workers' compensation, a psychiatric condition must be causally related to the claimant's compensable physical injury. Accordingly, the statute must be applied as written.

{¶ 19} Despite the plain statutory text, Armstrong maintains that Ohio courts have concluded that under R.C. 4123.01(C)(1), psychiatric or psychological conditions with contemporaneous physical injuries are compensable, while psychiatric or psychological conditions without contemporaneous physical injuries are not. Armstrong relies heavily on *McCrone*, 107 Ohio St.3d 272, 2005-Ohio-6505, 839 N.E.2d 1, which addressed limitations on workers' compensation coverage for mental conditions in the context of an equal-protection challenge to R.C. 4123.01(C)(1).

{¶ 20} The *McCrone* claimant applied for workers' compensation for PTSD, which she developed after two robberies of the bank where she worked as a teller. The claimant suffered no physical injuries in the robberies, and, as a

result, the Bureau of Workers' Compensation ("BWC") denied her application for benefits. On appeal, the claimant argued that R.C. 4123.01(C)(1) violated the Equal Protection Clauses of the United States and Ohio Constitutions.

{¶ 21} Tracking the statutory language, this court held that "psychological or psychiatric conditions that do not arise from a compensable physical injury or occupational disease are excluded from the definition of 'injury' under R.C. 4123.01(C)(1) and from workers' compensation coverage." *McCrone* at ¶ 18 and paragraph one of the syllabus. *McCrone* did not address whether a relationship between the mental condition and the physical injury was necessary because the claimant, unlike Armstrong here, had not suffered a physical injury. Thus, the court considered only whether the requirement of a physical injury or occupational disease in R.C. 4123.01(C)(1) violated equal protection.

{¶ 22} Based on several sentences in *McCrone*, Armstrong argues that "arisen from" is interchangeable with "contemporaneous with." For example, Armstrong cites a portion of the following statement: "The General Assembly has determined that those who have mental conditions *along with* a compensable physical injury or occupational disease are covered within the workers' compensation system, while those claimants with purely psychiatric or psychological conditions are excluded from coverage." (Emphasis added.) *McCrone*, 107 Ohio St.3d 272, 2005-Ohio-6505, 839 N.E.2d 1, at ¶ 30. Elsewhere in *McCrone*, the court stated that "[p]sychological or psychiatric conditions, without an *accompanying* physical injury or occupational disease, are not compensable under R.C. 4123.01(C)(1)." (Emphasis added.) *Id*. at ¶ 29. Those statements, however, must be read in the larger context of the case, which involved no physical injury at all. The court noted the importance of that factor just prior to those quotations, in its rejection of the appellate court's reliance on

8

*Bailey*, 91 Ohio St.3d 38, 741 N.E.2d 121, because, unlike in *Bailey*, "[i]n McCrone's case, there was no physical injury whatsoever." *McCrone* at ¶ 28.

{¶ 23} In *McCrone*, the absence of physical injury, not the nexus between a physical injury and a mental condition, was determinative. In holding that R.C. 4123.01(C)(1) did not violate equal protection, we considered whether there was a rational basis for the General Assembly's *requirement* of a physical injury or occupational disease. Because the relationship between mental conditions and physical injuries was not at issue, use of the terms "accompanying" and "along with" to describe that relationship does not constitute a holding that mental conditions arising contemporaneously with a physical injury are compensable under R.C. 4123.01(C) without regard to a causal connection. Likewise, the absence of a specific statement that a mental condition must be *caused by* the physical injury does not amount to a contrary holding. Instead, it represents this court's apposite exercise of judicial restraint in not deciding an unnecessary issue. *See State ex rel. Ohio Democratic Party v. Blackwell*, 111 Ohio St.3d 246, 2006-Ohio-5202, 855 N.E.2d 1188, ¶ 50 (recognizing the cardinal principle that a court must not decide more than is necessary). *McCrone* does not answer the question before this court, nor does it compel a different result than we have reached based on the unambiguous statutory language.

{¶ 24} Like *McCrone*, the other cases upon which Armstrong relies are not only distinguishable but also silent on the specific question now before this court. *Bunger v. Lawson Co.*, 82 Ohio St.3d 463, 696 N.E.2d 1029 (1998), and *Rambaldo,* 65 Ohio St.3d 281, 603 N.E.2d 975, both concerned applications for workers' compensation coverage for purely psychiatric conditions, when the claimant had not suffered a physical injury. While *State ex rel. Clark v. Indus. Comm.*, 92 Ohio St.3d 455, 751 N.E.2d 967 (2001), involved a claimant who suffered both physical injuries and severe stress and anxiety as a direct result of having been held hostage and beaten, the sole issue on appeal was whether the

9

claimant was entitled to receive workers' compensation benefits for the same period he was receiving hostage-leave benefits under his collective-bargaining contract. Although BWC allowed the claimant's PTSD as a compensable condition, no party challenged the allowance, and thus the compensability of that condition was not an issue on appeal. Simply put, this court has never held that a mental condition is compensable solely because it developed contemporaneously with a compensable physical injury.

{¶ 25} Consistent with the plain language of R.C. 4123.01(C)(1), several Ohio courts of appeals have recognized that mental conditions are compensable under the workers' compensation system only when a physical injury causes them. *See Dunn v. Mayfield*, 66 Ohio App.3d 336, 341, 584 N.E.2d 37 (4th Dist.1990) ("to state a claim upon which relief can be granted for an emotional disability, an employee must allege either that a physical injury proximately caused the emotional disability * * * or that the emotional stress proximately caused a physical injury"); *Neil v. Mayfield*, 2d Dist. No. 10881, 1988 WL 76179, * 1 (July 22, 1988), citing *Lengel v. Griswold, Inc.*, 8th Dist. No. 53054, 1987 WL 20459 (Nov. 25, 1987) ("an emotional injury is not compensable, despite a contemporaneous physical injury, unless the physical injury causes the emotional problems"); *Karavolos v. Brown Derby, Inc.,* 99 Ohio App.3d 548, 552, 651 N.E.2d 435 (11th Dist.1994) (R.C. 4123.01(C)(1) "prohibits compensation for psychiatric conditions unless they are found to have 'arisen from' a physical injury, *i.e.*, were proximately caused by a physical injury received in the course of employment"); *Jones v. Catholic Healthcare Partners, Inc.*, 2012-Ohio-6269, 986 N.E.2d 486, ¶ 31 (7th Dist.) (rejecting an argument that physical injury must be the sole cause of a mental condition, but affirming summary judgment for a claimant based on the uncontested evidence that a compensable physical injury was a proximate cause of her psychiatric condition).

**{¶ 26}** In addition to the arguments asserted by Armstrong, OAJ argues that requiring a claimant to prove a causal connection between a mental condition and a compensable physical injury would make recovery for many claimants "nearly impossible." While we appreciate and respect OAJ's concerns regarding the difficulty of proving causation, that argument is more properly addressed to the General Assembly, the branch of state government charged by the Ohio Constitution with making policy choices for the workers' compensation fund. The General Assembly may determine that mental conditions that develop contemporaneously with compensable physical injuries, or that arise out of the same accident or occurrence as the physical injuries, should be compensable, and amend the statutory language accordingly. Absent a mandate from the General Assembly that such conditions are compensable, however, we will not expand workers' compensation coverage to them.

**{¶ 27}** Armstrong's final argument concerns the effect of the 2006 amendment to R.C. 4123.01(C)(1), which added the following italicized language to the statute: injury does not include "[p]sychiatric conditions except where the *claimant's psychiatric* conditions have arisen from an injury or occupational disease *sustained by that claimant*." Am.Sub.S.B. No. 7, 151 Ohio Laws, Part I, 1019, 1046. The parties agree that the purpose of the amendment was to counter the decision in *Bailey*, 91 Ohio St.3d 38, 741 N.E.2d 121, which allowed a claim for depression after the claimant accidentally killed a coworker, even though the claimant did not suffer any physical injury himself. By amending the statute, the General Assembly clarified that the claimant, not a third party, must sustain the physical injury required under R.C. 4123.01(C)(1). The amendment did not alter the statutory language regarding the necessary nexus between a physical injury and a psychiatric condition, and the sole effect of the amendment here is to preclude Armstrong from establishing the compensability of his PTSD by arguing that it arose from the other driver's injuries or death.

**{¶ 28}** The court of appeals noted Armstrong's reliance on case law that predated Am.Sub.S.B. No. 7, but it did not suggest that its rejection of Armstrong's contemporaneous-injury argument was related to the amendment. Rather, the court focused on statutory language that Am.Sub.S.B. No. 7 did not change and concluded that Armstrong did not establish that his PTSD arose from the physical injuries he had sustained in the accident.

*Conclusion*

**{¶ 29}** Armstrong undisputedly suffered compensable physical injuries as a result of the accident, and his PTSD undisputedly arose contemporaneously as a result of the accident. For Armstrong's PTSD to qualify as a compensable injury under R.C. 4123.01(C)(1), however, more is required; he must establish that his PTSD was causally related to his compensable physical injuries and not simply to his involvement in the accident. The record contains contradictory evidence of whether Armstrong's physical injuries were a contributing cause of his PTSD. Dr. Howard testified that Armstrong's physical injuries did not cause his PTSD, while Dr. Stoeckel testified that Armstrong's physical injuries were causal factors in his development of PTSD. The trial court, having heard all the evidence, found Dr. Howard's testimony more credible. The court of appeals appropriately determined that the record contains competent, credible evidence supporting the trial court's finding that Armstrong's physical injuries did not cause his PTSD and that Armstrong's PTSD is, therefore, not a compensable injury under R.C. 4123.01(C)(1).

**{¶ 30}** For these reasons, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, LANZINGER, and KENNEDY, JJ., concur.

PFEIFER and O'NEILL, JJ., dissent.

_____

**PFEIFER, J., dissenting.**

{¶ 31} This case boils down to whether "arisen from" means the same thing as "caused by." Given that we are required to liberally construe the provisions of R.C. Chapter 4123 in favor of employees, R.C. 4123.95, I would hold that there is a distinction between the two terms and that the condition in R.C. 4123.01(C)(1) that psychological injuries are compensable only if they have "arisen from" physical injuries requires that the physical and psychological injuries be related but does not necessarily require a direct causal link between the two.

{¶ 32} In *McCrone v. Bank One Corp.*, 107 Ohio St.3d 272, 2005-Ohio-6505, 839 N.E.2d 1, this court considered whether R.C. 4123.01(C)(1) violated equal protection by excluding psychological or psychiatric injuries from workers' compensation coverage. This court held that the one substantive reason supporting the continued disparate treatment between workers who suffer psychological injuries in the workplace and workers who suffer physical injuries in the workplace is the issue of proof. That is, it is harder to prove psychological injuries than physical injuries. (The only other rational basis offered in *McCrone* was that the discrimination saves money.) This court stated, "In mental injury claims, the problem arises of establishing the existence of the injury itself. *Although a physical injury may or may not cause a psychological or psychiatric condition, it may furnish some proof of a legitimate mental claim.*" (Emphasis added.) *Id.* at ¶ 33.

{¶ 33} Thus, the court concentrated not on causation, but on the evidence that a contemporaneous physical injury provides that supports the existence of a psychological injury. In this case, we have no issue of proof. Armstrong's employer *stipulates* that Armstrong suffers from posttraumatic-stress disorder ("PTSD"), and there is no dispute that the accident occurred while Armstrong was on the clock and performing job-related duties. Armstrong suffered a

contemporaneous physical injury, which, in the words of *McCrone*, may or may not have caused a psychological or psychiatric condition, but furnished proof of that condition. Why shouldn't Armstrong recover?

{¶ 34} Elsewhere in *McCrone*, this court discounted the requirement of a direct causal link between the physical injury and the compensable psychological trauma. Instead, the physical injury and psychological injury need only have arisen from the same series of events: "Psychological or psychiatric conditions, without an *accompanying* physical injury or occupational disease, are not compensable under R.C. 4123.01(C)(1)." (Emphasis added.) *Id.* at ¶ 29. This court also stated that "those who have mental conditions *along with* a compensable physical injury * * * are covered within the workers' compensation system." (Emphasis added.) *Id.* at ¶ 30. "Accompanying" and "along with" are entirely different from "caused by."

{¶ 35} *McCrone* was decided in 2005; the General Assembly did not make the relevant amendment to R.C. 4123.01(C) until 2006. Thus, the General Assembly knew of this court's interpretation of the physical-injury requirement for psychological injuries when amending the statute. The General Assembly knew that this court had written in *McCrone* that "a physical injury may or may not cause a psychological * * * condition" but may simply furnish proof thereof, that mental conditions are not compensable "without an accompanying physical injury," and that workers "who have mental conditions along with a compensable physical injury" are covered under the system. Did the General Assembly change the language of the statute to address this court's interpretation of the statute that there need not be a direct causal connection between a physical injury and a compensable psychological condition?

{¶ 36} It did not. In neither the present version of the statute nor in its predecessor did R.C. 4123.01(C)(1) require a direct causal connection between physical and psychological injuries. The General Assembly otherwise uses the

word "cause" in R.C. 4123.01(C); it uses it in defining "injury" as including an injury "caused by external accidental means." In that same definition, it uses the phrase "arising out of" in describing a compensable injury—the injury must be "received in the course of, and *arising out of*, the injured employee's employment." (Emphasis added.) In that use of the phrase "arising out of," does the General Assembly mean to say that the injury must be *caused* by the employee's employment? No—it means that the employee had to be engaged in activity *related* to his employment when the injury-causing accident occurred in order to receive compensation. Likewise, R.C. 4123.01(C)(1) allows compensation for psychiatric injuries that have "*arisen from* an injury * * * sustained by that claimant." (Emphasis added.) The "arisen from" language has the same meaning as earlier in the statute—it requires a relationship between the physical and psychological injuries rather than a direct causal link.

{¶ 37} In *Bailey v. Republic Engineered Steels, Inc.*, 91 Ohio St.3d 38, 741 N.E.2d 121 (2001), syllabus, this court held, "A psychiatric condition of an employee arising from a compensable injury or an occupational disease suffered by a third party is compensable under R.C. 4123.01(C)(1)." In *Bailey*, the claimant was operating a tow motor and accidentally ran over and killed a coworker. As a result of the accident, Bailey received treatment for severe depression. In *Bailey*, there was not a direct causal link between the death suffered by the coworker and the claimant's depression. Rather, it was Bailey's involvement in and responsibility for the deadly accident that caused his depression. Thus, his psychological injury was related to the *accident* that caused his coworker's death. Likewise, in this case, Armstrong's psychological injuries are related to the *accident* that caused his own injuries.

{¶ 38} Where does today's decision leave employees who suffer from PTSD? If an employee is horribly injured in an accident, can he receive compensation only for being depressed over the state of his body but not for

psychological injuries due to being haunted by the trauma of the original event? Are those the kind of distinctions the General Assembly really intended—depression over injuries is compensable but psychological effects arising from the accident causing the traumatic injuries is not? Is it not enough that a worker's broken body provides the "proof" of psychological injury that this court said the statute requires in *McCrone,* proof that a specific traumatic event has occurred? Hasn't Armstrong paid the required pound of flesh?

{¶ 39} Finally, as I set forth in *McCrone*, I would find that R.C. 4123.01(C)(1) violates the Equal Protection Clauses of the United States and Ohio Constitutions because it allows disparate treatment of persons suffering from psychological injuries. *McCrone*, 107 Ohio St.3d 272, 2005-Ohio-6505, 839 N.E.2d 1, at ¶ 57 (Pfeifer, J., dissenting).

_____

**O'NEILL, J., dissenting.**

{¶ 40} I must respectfully dissent from the well-reasoned majority opinion because this case presents a perfect opportunity to right a wrong in the area of workers' compensation law. The claimant here was involved in a truly gruesome motor-vehicle accident, in the course and scope of his employment, that left him traumatically psychologically impaired. He witnessed the sudden death of a fellow motorist, and he suffers as a result of that accident to this day. That is what the record reflects. From a legal-analysis standpoint, it is wholly irrelevant whether the psychological condition arose from the accident or from the trauma and drama incident to the allowed physical injuries. Either way, he was injured in the course and scope of his employment. It is that simple.

{¶ 41} As noted by the majority, this issue was addressed, I believe wrongly, to some extent in this court's earlier decision of *McCrone v. Bank One Corp.,* 107 Ohio St.3d 272, 2005-Ohio-6505, 839 N.E.2d 1. In that case, the psychologically injured worker, an employee of a bank that was robbed twice,

was denied workers' compensation benefits because she had not received a contemporaneous physical injury during the traumatic events. That she could not return to work due to having been traumatized at work simply was not enough to entitle her to workers' compensation benefits.

{¶ 42} Simply stated, the whole theory of workers' compensation is to ensure that when an injury, whether physical or mental, occurs in the workplace and it is supported by competent medical evidence, it is compensable under the Workers' Compensation Act. As aptly stated in dissent by Justice Resnick:

> Not only are workers' compensation claims routinely amended to include psychological injuries resulting from previously allowed physical injuries, but the time has long since passed when denying recoveries for "purely psychological" injuries can be excused on grounds of evidentiary difficulties or illusory claims. We are no longer living in the 19th century when it was considered impossible to accurately diagnose psychological injuries.

*Id.* at ¶ 45.

{¶ 43} On the other hand, if the justification for not allowing psychological injuries is purely economic, drawing the line at psychological injuries that occur simultaneously with a physical injury versus those that occur without a physical injury is arbitrary at best. They are both real injuries. They both result in loss to the worker. And they both are directly related to the incident on the job. As stated by Justice Pfeifer in a dissent in *McCrone*:

> There is no rational basis to treat injured employees differently when both the physically injured and the nonphysically injured employees each can identify the genesis of their psychological

condition. A cognizable triggering event, whether resulting in a physical injury or not, is the proper determinant for proof of psychological injury. A professional can evaluate the injury and the event to determine whether compensation is appropriate.

*Id.* at ¶ 55.

{¶ 44} Reducing government costs, while an admirable goal, is not acceptable when it nullifies the protections of the Ohio Constitution. Justice Resnick asked the question "Is there a specific dollar amount of savings that must be realized before ignoring the Equal Protection Clause is justified?" *Id.* at ¶ 50. The answer must be a resounding *no*. The reality is that there is no constitutionally adequate explanation for the practice of treating psychologically traumatized workers in a distinctly different manner from their counterparts who, for example, break their arm or leg. It is government-sanctioned discrimination with tragic results, as demonstrated by this case.

{¶ 45} From an examination of the relevant code section, the conclusion I reach is consistent with the law. R.C. 4123.01(C)(1) allows for psychiatric conditions to be compensable as long as the condition arose from an injury sustained by the claimant. This version of the statute was enacted in 2006 to ensure that compensation was permitted only when the physical injury was sustained by the claimant rather than a third party. However, unlike the majority, I believe it is sufficient that the psychological injury occurred contemporaneously with the physical injury. The record in this matter is clear that the psychological injury happened contemporaneously with the allowed physical injury. Therefore, it was error for the trial court, and then the court of appeals, to disallow the claim. It happened on the job, it is real, and it is compensable. The Bureau of Workers' Compensation, and the Industrial Commission of Ohio, got it right.

{¶ 46} Accordingly, I respectfully dissent.

_____

Harris & Burgin, L.P.A., and Jeffrey Harris, for appellant.

Ice Miller L.L.P., Corey V. Crognale, and Meghan M. Majernik, for appellee John R. Jurgensen Co.

Michael DeWine, Attorney General, and Colleen C. Erdman, Assistant Attorney General, for appellee Administrator, Ohio Bureau of Workers' Compensation.

Philip J. Fulton Law Office, Philip J. Fulton, and Chelsea J. Fulton, urging reversal on behalf of amicus curiae Ohio Association for Justice.

_____