Kennedy, J.,
dissenting.
{¶ 45} Respectfully, I dissent. Because Ohio Adm.Code 4723-16-08(E), the Ohio Board of Nursing’s rule authorizing a hearing examiner to quash a party’s subpoena request, exceeds the board’s statutorily delegated authority pursuant to R.C. 119.09, the rule is invalid. Moreover, since R.C. 119.06 mandates that “[n]o *125 adjudication order shall be valid unless an opportunity for a hearing is afforded in accordance with sections 119.01 to 119.13 of the Revised Code,” the quashing of the subpoena requests in violation of R.C. 119.09 renders the adjudication order invalid as a matter of law. Therefore, I would reverse the judgment of the Tenth District Court of Appeals and remand the matter to the board for further proceedings.
{¶ 46} The majority, by imposing its logic on a statutory scheme, has granted an administrative agency a new, unchecked power in contravention of the express statutory provisions of R.C. Chapter 119. The power the majority gives the hearing examiner is antithetical to the General Assembly’s explicit language denying the board or its hearing examiner discretion when a party requests the issuance of a subpoena. Moreover, it is irreconcilable with more than a century of our precedent and erodes the Ohio Constitution, which vests the legislative power in the General Assembly. See Ohio Constitution, Article II, Section 1.
{¶ 47} An administrative agency has no authority beyond what is conferred by statute, and it cannot grant itself power without authorization from the General Assembly. State ex rel. Lucas Cty. Bd. of Commrs. v. Ohio Environmental Protection Agency, 88 Ohio St.3d 166, 171, 724 N.E.2d 411 (2000). Since 1917, this court has consistently limited the power of an administrative agency to those powers granted to it by statute:
In construing such grant of power, particularly administrative power through and by a legislative body, the rules are well settled that the intention of the grant of power, as well as the extent of the grant, must be clear; that in case of doubt that doubt is to be resolved, not in favor of the grant, but against it. It is one of the reserved powers that the legislative body no doubt had, but failed to delegate to the administrative board or body in question.
State ex rel. A. Bentley & Sons Co. v. Pierce, 96 Ohio St. 44, 47, 117 N.E. 6 (1917).
{¶ 48} While an agency has a certain amount of discretion in adopting rules to carry out the legislative objective, “ ‘an administrative rule cannot add or subtract from the legislative enactment.’” Culbreath v. Golding Ents., L.L.C., 114 Ohio St.3d 357, 2007-Ohio-4278, 872 N.E.2d 284, ¶ 15, quoting Amoco Oil Co. v. Petroleum Underground Storage Tank Release Comp. Bd., 89 Ohio St.3d 477, 484, 733 N.E.2d 592 (2000). A rule that is contrary to statute is invalid. Hoffman v. State Med. Bd. of Ohio, 113 Ohio St.3d 376, 2007-Ohio-2201, 865 N.E.2d 1259, ¶ 17.
*126 {¶ 49} The board promulgated Ohio Adm.Code 4723-16-08(E), which authorizes the board to quash subpoenas. However, this rule runs contrary to R.C. 119.09, which states:
[T]he agency may require the attendance of such witnesses and the production of such books, records, and papers as it desires * * * and for that purpose the agency may, and upon the request of any party receiving notice of the hearing as required by section 119.07 of the Revised Code shall, issue a subpoena for any witness or a subpoena duces tecum to compel the production of any books, records, or papers, directed to the sheriff of the county where such witness resides or is found, which shall be served and returned in the same manner as a subpoena in a criminal case is served and returned.
(Emphasis added.)
{¶ 50} Moreover, the board’s hearing examiner has no greater authority than the board. R.C. 119.09 (a “referee or examiner [appointed by the board] shall have the same powers and authority in conducting the hearing as is granted to the agency”).
(¶ 51} When a statute is unambiguous, effect must be given to all of its language, without adding or deleting any words chosen by the General Assembly. Armstrong v. John R. Jurgensen Co., 136 Ohio St.3d 58, 2013-Ohio-2237, 990 N.E.2d 568, ¶ 12; State v. Vanzandt, 142 Ohio St.3d 223, 2015-Ohio-236, 28 N.E.3d 1267, ¶ 7. In statutory construction, the word “shall” is to be construed as mandatory. State v. Golphin, 81 Ohio St.3d 543, 545, 692 N.E.2d 608 (1998). Therefore, the board has no authority to promulgate an administrative rule granting itself or a hearing examiner the power to quash a party’s subpoena request. “[T]he validity of any administrative rule must be determined by reference to the statutes governing the agency. It is axiomatic that an administrative agency has no existence or authority beyond the statutes and may exercise only powers that are clearly granted by the General Assembly.” State ex rel. Gallon & Takacs Co., L.P.A. v. Conrad, 123 Ohio St.3d 554, 559, 704 N.E.2d 638 (10th Dist.1997).
{¶ 52} Without citing a specific subdivision, the majority relies on R.C. 4723.07 as authorizing the board to promulgate rules for procedure. While R.C. 4723.07 grants the board authority to promulgate administrative rules, the statute limits the board’s rulemaking authority to the following subjects: the governance of the board and its business, R.C. 4723.07(A); educational standards, R.C. 4723.07(B), (E), (F), (G), and (O); examination and licensure requirements, R.C. 4723.07(C), (D), (H), and (J); administration of medication, R.C. 4723.07(Q); universal and standard precautions for sanitation and sterilization, R.C. 4723.07(E); standards *127 and procedures, quality assurance, and care arrangements for various nursing specialties, R.C. 4723.07(L), (M), and (N); and delineation of conduct that constitutes a failure to maintain professional boundaries with a patient, R.C. 4723.07(P). As written by the General Assembly, R.C. 4723.07 does not grant the board or its hearing examiner additional powers to regulate the issuance of a party’s subpoena request pursuant to R.C. 119.09.
{¶ 53} While ignoring the express language of R.C. 119.09 that the board “shall” issue a subpoena at the request of a party, the majority also ignores other provisions in R.C. 119.09 that demonstrate that the General Assembly intentionally granted the board limited authority for hearings rather than the broad authority envisioned by the majority. For example, the General Assembly in R.C. 119.09 specifically delegates to the court of common pleas the authority to compel the attendance of witnesses through its contempt power. The board is authorized to take depositions, but the board’s authority to rule on the admissibility of evidence is limited to “testimony and other evidence * * * presented at the hearing.” (Emphasis added.) As a result, the board may not exclude evidence as inadmissible before the hearing begins.
{¶ 54} Lastly, while the majority correctly cites D.A.B.E., Inc. v. Toledo-Lucas Cty. Bd. of Health for the proposition that an administrative agency has implied powers that are reasonably necessary to make express powers effective, 96 Ohio St.3d 250, 2002-Ohio-4172, 773 N.E.2d 536, ¶ 39, its application in this case is mistaken. In this case, with regard to subpoenas requested by a party, the General Assembly expressly limits the board’s and therefore the hearing examiner’s authority to the issuance of such subpoenas. R.C. 119.09. Neither the board nor a hearing examiner has the authority to quash a subpoena request for any reason. Moreover, the majority’s assertion that the General Assembly has given the board implied rulemaking powers may be true, but not in this instance. “ ‘[T]he power of an administrative agency to administer a * * * program necessarily requires the formulation of policy and the making of rules to fill any gap left, implicitly or explicitly,’ by the legislature.” (Emphasis deleted and ellipsis sic.) Northwestern Ohio Bldg. & Constr. Trades Council v. Conrad, 92 Ohio St.3d 282, 289, 750 N.E.2d 130 (2001), quoting Morton v. Ruiz, 415 U.S. 199, 231, 94 S.Ct. 1055, 39 L.Ed.2d 270 (1974). When it comes to the issuance of a subpoena at the request of a party, the General Assembly left no “gap” for the board to fill.
{¶ 55} While it may appear reasonable to the majority that a hearing examiner who has the ability to rule on the admissibility of evidence at a hearing should also have the power to quash a subpoena request, that was not the will or intention of the General Assembly. The judicial branch cannot impose its logic on a statute that clearly and unambiguously expresses the intention of the *128 General Assembly. ' “[N]one of us is entitled to interpret a statutory scheme to make it reflect the logic that the justice or judge wants it to reflect. * * * [JJudicial policy preferences may not be substituted for valid legislative enactments.” State v. South, 144 Ohio St.3d 295, 2015-Ohio-3930, 42 N.E.3d 734, ¶ 31 (O’Connor, C.J., concurring), citing Painter v. Graley, 70 Ohio St.3d 377, 385, 639 N.E.2d 51 (1994), and State v. Smorgala, 50 Ohio St.3d 222, 223, 553 N.E.2d 672 (1990). As the “ultimate arbiter of public policy” State ex. rel. Cincinnati Enquirer v. Dupuis, 98 Ohio St.3d 126, 2002-Ohio-7041, 781 N.E.2d 163, ¶ 21, the General Assembly has declared that parties must be able to compel the issuance of subpoenas, unrestrained by the board, in order to gather evidence in defense of their licenses and livelihoods, leaving the final determination of admissibility of that evidence to the time of the hearing.
 Because the hearing examiner quashed the subpoena requests in violation of R.C. 119.09, the General Assembly commands that the adjudication order is invalid. “An appellate court’s scope of review on issues of law is plenary * * Bartchy v. State Bd. of Edn., 120 Ohio St.3d 205, 2008-Ohio-4826, 897 N.E.2d 1096, ¶ 43. R.C. 119.06 mandates that “[n]o adjudication order shall be valid unless an opportunity for a hearing is afforded in accordance with sections 119.01 to 119.13 of the Revised Code.” “Accordance” is defined as “agreement, accord” and is “now used chiefly in the phrase ‘in accordance with.’ ” Webster’s Third New International Dictionary 12 (1986). Another definition states, “To be in accordance is to be in conformity or compliance.” (Italics sic.) Garner, Gamer’s Dictionary of Legal Usage 13 (3d Ed.2011). We also recently noted that “in accordance with” is akin to “pursuant to,” which connotes rigid compliance. State v. Niesen-Pennycuff, 132 Ohio St.3d 416, 2012-Ohio-2730, 973 N.E.2d 221, ¶ 19.
 Moreover, the phrase “in accordance with” precedes the language “sections 119.01 to 119.13.” R.C. 119.06. The plain language demonstrates that the General Assembly did not exclude the operation of any provision. Therefore, in order for the adjudication hearing order to be valid, full compliance with all the provisions contained in R.C. 119.01 through R.C. 119.13 was required. Since the quashing of the subpoena requests violated the mandatory “shall” language in R.C. 119.09, this renders the hearing not “in accordance with” R.C. 119.06 and as a matter of law, the adjudication order is invalid.
 Because Ohio Adm.Code 4723-16-08(E), the Ohio Board of Nursing’s rule authorizing a hearing examiner to quash a party’s subpoena request, exceeds the board’s statutorily delegated authority pursuant to R.C. 119.09, the rule is invalid. Moreover, since R.C. 119.06 mandates that “[n]o adjudication order shall be valid unless an opportunity for a hearing is afforded in accordance with sections 119.01 to 119.13 of the Revised Code,” the quashing of the subpoena *129 requests in violation of R.C. 119.09 renders the adjudication order invalid as a matter of law. Therefore, I would reverse the judgment of the Tenth District Court of Appeals and remand the matter to the board for further proceedings.
Sindell & Sindell, L.L.P., Steven A. Sindell, and Rachel Sindell, for appellant.
Michael DeWine, Attorney General, Eric E. Murphy, State Solicitor, Samuel C. Peterson, Deputy Solicitor, and Henry G. Appel, Senior Assistant Attorney General, for appellee.
{¶ 59} Accordingly, I respectfully dissent.