[Cite as *Hoelscher v. KBO, Inc.*, 2017-Ohio-5756.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| PHILLIP HOELSCHER | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 2017-CA-25 |
| | : | |
| v. | : | Trial Court Case No. 16-CV-152 |
| | : | |
| KBO, INC., et al. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 7th day of July, 2017.

. . . . . . . . . .

GARY D. PLUNKETT, Atty. Reg. No. 0046805, RACHEL D. SIEKMAN, Atty. Reg. No. 0091012, 3033 Kettering Boulevard, Point West, Suite 201, Dayton, Ohio 45439
        Attorney for Plaintiff-Appellant

EVERETT L. GREENE, Atty. Reg. No. 0077338, 1900 Fifth Third Center, 511 Walnut Street, Cincinnati, Ohio 45202
        Attorney for Defendant-Appellee

. . . . . . . . . . . .

HALL, P.J.

{¶ 1} Phillip Hoelscher appeals a trial court's summary judgment for his employer KBO, Inc. on his claim for workers' compensation benefits for psychiatric conditions that

he alleges were caused by a physical at-work injury. We conclude that a genuine issue of fact exists as to whether there is a causal connection between the psychiatric conditions and the physical injury. So we reverse.

## I. Background

{¶ 2} In 2012, Hoelscher hurt his ankle at work. He received workers' compensation benefits for several injuries to the ankle. It appears that in 2013 he was fired from his job. In 2014, Hoelscher was medically released to return to work without any restrictions. He went back to school and graduated as an HVAC technician. He then began working in the field but was soon laid off. In mid-2015, Hoelscher was diagnosed with multiple psychological conditions, first by Charles L. Walters, M.D. and then by Sarah Barwick, Psy.D.

{¶ 3} After these diagnoses, Hoelscher moved to amend his workers' compensation claim to include the diagnosed psychological conditions—panic disorder without agoraphobia; general anxiety disorder; major depressive disorder, single episode, mild; adjustment disorder with mixed anxiety; and depressed mood. The Bureau of Workers' Compensation denied Hoelscher's motion to amend, concluding that there is no causal connection between his 2012 physical injury and his 2015 psychological conditions. And the Industrial Commission refused to hear his appeal.

{¶ 4} Consequently in 2016, Hoelscher filed a right-to-participate appeal in the court of common pleas. KBO moved for summary judgment. It supported the motion with the deposition testimony of psychologist Donald J. Tosi, Ph.D. Dr. Tosi diagnosed Hoelscher as having an adjustment disorder with mixed anxiety and depression. But Tosi does not attribute these psychological conditions to the 2012 ankle injury, saying that the

ankle injury is too remote. Rather, he attributes the conditions to Hoelscher's being fired in 2013 and laid off in 2014. Hoelscher opposed summary judgment with deposition testimony from Dr. Barwick. She does link Hoelscher's current psychological conditions to his 2012 ankle injury. The trial court sustained KBO's summary-judgment motion, concluding that there is no causal connection between the 2012 physical injury and the 2015 psychological conditions.

{¶ 5} Hoelscher appealed.

## II. Analysis

{¶ 6} Hoelscher's sole assignment of error alleges that the trial court erred by entering summary judgment for KBO. Civ.R. 56(C) provides that a court must enter summary judgment if no genuine issue of material fact exists and, construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. *State ex rel. Parsons v. Flemming*, 68 Ohio St.3d 509, 511, 628 N.E.2d 1377 (1994).

{¶ 7} Under the Ohio Workers' Compensation Act, with a few exceptions, an employee who is injured is entitled to receive compensation for loss sustained on account of an injury. R.C. 4123.54(A). The Act defines "injury" to include "any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment." R.C. 4123.01(C). A psychiatric condition is not an "injury" except when the condition has "arisen from an injury or occupational disease sustained by th[e] claimant." R.C. 4123.01(C)(1). Accordingly, "the statute requires a causal connection between a claimant's physical injury and the claimant's mental condition." *Armstrong v. John R. Jurgensen Co.*, 136

Ohio St.3d 58, 2013-Ohio-2237, 990 N.E.2d 568, ¶ 17.

**{¶ 8}** Here, the evidence shows that Hoelscher has identifiable psychiatric conditions. The question is whether the psychiatric conditions have "arisen from" his physical injury. KBO's expert and Hoelscher's expert disagree on the cause of Hoelscher's psychiatric conditions. KBO's expert, Dr. Tosi, testified that there is no causal connection between the ankle injury and the psychiatric conditions. He said that panic, anxiety, and adjustment disorders should develop symptoms within two to three months after the injury. Dr. Tosi said that the 2012 ankle injury is too remote and that since the injury, Hoelscher seemed to be doing well. Rather, Dr. Tosi blamed Hoelscher's termination in 2013 and lay off in 2014 for his current psychiatric conditions. But Hoelscher's expert, Dr. Barwick, disagrees. She links Hoelscher's psychiatric conditions with his 2012 injury. She said that she "saw no evidence of any surrounding stressor that better, that better accounted for his current distress. It was very clearly attributed to his, his pain and his injury." (Barwick Dep. 37-38). Like Dr. Tosi, Dr. Barwick testified that symptoms of psychiatric conditions should begin within months after a physical injury. She admitted that she did not review any medical records from 2012 or 2013. But Dr. Barwick testified that she believed "Mr. Hoelscher stated he began experiencing symptoms within several months of his injury." (*Id.* at 48-49).

**{¶ 9}** "A genuine issue exists when the evidence presents a sufficient disagreement to require submission to a jury. The conflict must arise from irreconcilable affirmative allegations of fact, or from competing inferences which may reasonably be derived from undisputed facts." (Citation omitted.) *Weber v. City Council of Huber Hts.*, 2d Dist. Montgomery No. 18329, 2001 WL 109196, *5 (Feb. 9,

2001). Here, Dr. Tosi testified that Hoelscher's psychiatric conditions are not causally related to his physical injury, and Dr. Barwick testified that they are. A genuine issue of material fact plainly exists, precluding summary judgment.

{¶ 10} The sole assignment of error is sustained.

### III. Conclusion

{¶ 11} Having sustained the sole assignment of error, the trial court's judgment is reversed. This case is remanded for further proceedings.

. . . . . . . . . . . .

DONOVAN, J. and TUCKER, J., concur.

Copies mailed to:

Everett L. Greene
Gary Plunkett
Rachel Siekman
Lisa Miller
Hon. Douglas M. Rastatter