[Cite as *Johnson v. ContiTech USA, Inc.*, 2022-Ohio-1552.]

## IN THE COURT OF APPEALS OF OHIO
### THIRD APPELLATE DISTRICT
### UNION COUNTY

DAWN L. JOHNSON,

     PLAINTIFF-APPELLANT,               CASE NO.  14-21-23

     v.

CONTITECH USA, INC., ET AL.,          O P I N I O N

     DEFENDANTS-APPELLEES.

---

**Appeal from Union County Common Pleas Court**
**Trial Court No. 2020-CV-0146**

**Judgment Reversed and Cause Remanded**

**Date of Decision:   May 9, 2022**

---

APPEARANCES:

     *Jennifer L. Lawther* **for Appellant**

     *Jonathan D. Miller* **for Appellee, ContiTech USA, Inc.**

**SHAW, J.**

{¶1} Appellant, Dawn L. Johnson ("Johnson"), appeals from a decision and entry of the Union County Court of Common Pleas, which granted summary judgment to Appellee, ContiTech USA, Inc. ("ContiTech"), finding that there was no genuine issue of material fact that Johnson was not entitled to participate in workers' compensation benefits for the additional condition of posttraumatic stress disorder after a workplace injury. For the following reasons, the judgment of the trial court is reversed, and this matter is remanded to the trial court for further proceedings.

*Relevant Facts and Procedural History*

{¶2} On June 23, 2016, Johnson sustained a work-related injury to her left arm while employed with ContiTech as a laborer. Her workers' compensation claim was allowed for cervical strain, thoracic strain, left shoulder strain, fracture left radius, and fracture left ulna.

{¶3} On September 4, 2018, Johnson filed a motion requesting additional allowances for posttraumatic stress disorder ("PTSD") and major depressive disorder. After a hearing on December 12, 2018, a district hearing officer with the Industrial Commission granted in part and denied in part Johnson's motion, stating:

In accordance with *Armstrong v. John R. Jurgensen Company*, 136 Ohio St.3d 58, District Hearing Officer finds that Injured Worker has proved by a preponderance of the evidence that the additional allowance of **"MAJOR DEPRESSIVE DISORDER"** is causally related to the currently allowed physical conditions associated with Injured Worker's 06/23/2016 industrial accident with the Employer and orders this condition is **GRANTED** based on the medical examination report findings from Paul Deardorff, Ph.D. dated 10/10/2018.

However, in accordance with *Armstrong v. John R. Jurgensen Company*, 136 Ohio St.3d 58, District Hearing Officer finds that Injured Worker has failed to prove by a preponderance of the evidence that the additional allowance of **"POST TRAUMATIC STRESS DISORDER"** is causally related to the currently allowed physical conditions associated with Injured Worker's 06/23/2016 industrial accident with the Employer and orders this condition is **DENIED**.

District Hearing Officer bases this decision on the 10/10/2018 medical examination report from Dr. Deardorff, which states based on his review of the medical evidence in file and his examination findings that the requested psychological condition is related to Injured Worker's actual involvement with the mechanism of injury associated with her 06/23/2016 accident rather than the allowed physical conditions recognized in this claim.

(Emphasis sic.)

**{¶4}** Johnson appealed the district hearing officer's decision to an Industrial Commission staff hearing officer. On appeal, the staff hearing officer affirmed the order of the district hearing officer. The staff hearing officer based his decision on the same 2018 report of Paul Deardorff, Ph.D., "who opines that the major depressive disorder is causally related to the allowed physical conditions but the

post traumatic stress disorder was caused by the incident itself rather than the allowed physical conditions and therefore is not compensable."

{¶5} Johnson appealed. By order of February 26, 2019, the Industrial Commission refused to hear a further appeal.

{¶6} After the Industrial Commission refused Johnson's administrative appeal, Johnson appealed to the Union County Court of Common Pleas pursuant to R.C. 4123.512. *See* Petition and Complaint on Appeal, Doc. No. 2, at 3. Johnson filed a notice of dismissal without prejudice on October 28, 2019 pursuant to Civ.R. 41(A). *Id.*

{¶7} On October 15, 2020, Johnson filed the Petition and Complaint on Appeal in this case in the Union County Court of Common Pleas. ContiTech and the Administrator of the Bureau of Worker's Compensation each filed an answer.

{¶8} On May 5, 2021, ContiTech filed a motion for summary judgment on Johnson's claim that she was entitled to workers' compensation for the additional condition of PTSD. ContiTech asserted that there was no genuine issue of material fact whether Johnson's PTSD was causally related to her previously-allowed physical conditions, and therefore ContiTech was entitled to judgment as a matter of law. Johnson opposed the motion, relying on Johnson's expert's report which stated that the "PTSD is, at least in part, due to her physical injury and not solely due to the accident itself." (12/10/18 Ward Report). ContiTech filed a reply.

{¶9} The trial court, on October 29, 2021, filed a decision and entry granting ContiTech's motion for summary judgment, finding that: "[Johnson] suffered compensable physical injuries and that her PTSD arose as a result of the accident. Relying upon *Armstrong [v. John R. Jurgensen Co.*, 136 Ohio St.3d 58, 2013-Ohio-2237], the Court further finds that [Johnson] did not establish that her PTSD was causally related to her compensable physical injuries. Accordingly, the Court finds no genuine issues as to material facts remain." (10/29/21 Decision and Entry at 3).

{¶10} Johnson timely appealed the trial court's judgment and raises the following assignment of error for review:

> **THE TRIAL COURT ERRED IN GRANTING APPELLEE CONTITECH USA INC.'S MOTION FOR SUMMARY JUDGMENT.**

*Summary Judgment Standard*

{¶11} Pursuant to Civ.R. 56(C), summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. The party moving for summary judgment bears the initial burden of demonstrating that no genuine issue of material fact remains to be litigated. *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 1996-Ohio-107. "[S]ummary judgment shall not be rendered unless it appears from the evidence or stipulation * * * that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being

entitled to have the evidence or stipulation construed most strongly in the party's favor." Civ.R. 56(C). "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response * * * must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E).

**{¶12}** This Court reviews a grant of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 1996-Ohio-336. Accordingly, this Court applies the same standard for summary judgment as did the trial court. *Weisenauer v. Am. Standard, Inc.*, 3d Dist. Seneca No. 13-13-25, 2014-Ohio-1569, ¶ 20.

***Compensability of Mental Condition Under Workers' Compensation***

**{¶13}** The purpose of Ohio's workers' compensation system is to provide compensation to employees and their dependents for injuries or death that occur in the course of employment. *Tucker v. Michael's Stores, Inc.*, 3d Dist. Allen No. 1-02-94, 2003-Ohio-1538, ¶ 7, citing Section 35, Article II, Ohio Constitution. For purposes of workers' compensation claims, R.C. 4123.01(C) defines an "injury" as:

> **(C) * * * any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment. "Injury" does not include:**

> **(1) Psychiatric conditions except where the claimant's psychiatric conditions have arisen from an injury or occupational disease sustained by that claimant[.]**

{¶14} To be compensable, a psychiatric condition must have arisen from an injury and therefore, there must be a causal connection between a claimant's physical injury and the claimant's mental condition. *Armstrong v. John R. Jurgensen Co.*, 136 Ohio St.3d 58, 2013-Ohio-2237, at ¶ 17.

*Analysis*

{¶15} In support of its motion for summary judgment, ContiTech argued that Johnson's PTSD was not causally related to the physical injuries allowed in her 2016 claim. Attached to ContiTech's motion for summary judgment were the January 2018 report of H. Owen Ward, Jr., Ph.D., Johnson's expert, and the report of Paul A. Deardorff, Ph.D. Concerning the diagnosis of PTSD, Dr. Ward noted Johnson "was clearly exposed to a traumatic injury that left her inches away from certain death" and "[t]he serious nature of her injury is such that she continues to have flashbacks that are triggered by looking at her surgically repaired left arm that is still deformed with the best result that surgery could provide." (1/5/18 Ward Report). Dr. Ward further noted that "[t]he recurrent and intrusive memories of the traumatic event are also triggered by loud or shrill noises and the sound of heavy equipment" and that "[s]he also suffers fairly intense psychological distress at exposure to the stimuli that reminded her of the traumatic event." In that report, Dr. Ward concluded "[c]oncerning the issue of causality it is clear to me that her condition of PTSD is the direct and proximate result of her workplace injury."

ContiTech also relied on the report of Dr. Deardorff who opined that Johnson's PTSD "was caused by her involvement in the accident in that she feared significant injury or death." And "[s]trains and fractures would not qualify as injuries capable of leading to significant injury or death."

{¶16} In her brief in opposition to ContiTech's motion for summary judgment, Johnson relied on the same January 2018 report of Dr. Ward and a supplemental report dated December 10, 2018 of Dr. Ward. In his December 2018 report, Dr. Ward responded to Dr. Deardorff's report stating, "he fails to recognize the nature of her injury and its contribution to the condition of Posttraumatic Stress Disorder." Specifically referring to Dr. Deardorff's reported triggers of Johnson's panic attacks, Dr. Ward stated:

> **These features demonstrate the gruesome nature of the crushing injury that she suffered. Clearly, the thoughts "pop into my head" reference intrusive memories of her traumatic injury. Thus, it is clear that it is not just the accident, but also the injury which acts as traumatic, precipitating the form of psychopathology diagnosable as PTSD.**

{¶17} Additionally, "because she has a dysphoric reaction to anyone looking at her arm which has a long scar on her forearm" and "[s]he also feels that the arm is slightly deformed as it is not perfectly straight," "[t]hese features of her traumatic reaction are clearly related to the effects of the injury itself and not the accident alone." Ultimately, Dr. Ward opined that "it is clear that the PTSD is, at least in

part, due to her physical injury and not solely due to the accident itself, as Dr. Deardorff has determined." Dr. Ward thus opined that:

> **[I]t seems to me an incomplete statement that Dr. Deardorff makes * * * where he states that "strains and fractures would not qualify as injuries capable of leading to significant injury or death." In fact, the level of her injury was far more than a simple strain or fracture. It involved a relatively gruesome sight when she saw the flesh and bones of her mangled arm, and this intrusive memory still haunts her to this day. Clearly, these features of her psychopathology are the direct effect of her injury and not the accident alone.**

{¶18} Johnson points out that in discussing her diagnosis of PTSD in his January 2018 report, Dr. Ward also included that she experiences flashbacks "sometimes directly related to spikes of pain" and makes notes of the "intense physical pain" that she feels.

{¶19} On appeal, ContiTech argues that, because "Johnson's expert attempts to illustrate that her PTSD stemmed from the allowed conditions in her claim, and during his explanation explicably ties the PTSD back to her workplace incident instead," there was no genuine issue of material fact that her PTSD did not flow from her physical injuries. (Appellee's Brief at 9). However, Johnson contends that a genuine issue of material fact exists as to whether she can support her claim of PTSD under the case law within *Armstrong v. John R. Jurgensen Co.*, 136 Ohio St.3d 58, 2013-Ohio-2237. In its motion for summary judgment, ContiTech relied on *Armstrong* in support of its position.

**{¶20}** In *Armstrong*, the claimant Armstrong sought workers' compensation for physical injuries that he suffered in a motor-vehicle accident in the course of his employment, and subsequently requested an additional allowance for a psychiatric injury (PTSD). The claims for his physical injuries and PTSD were allowed, but Armstrong's employer appealed the PTSD allowance to the court of common pleas. The experts for both parties agreed that Armstrong suffered from PTSD, but they disagreed about whether his physical injuries were causal factors in the development of his PTSD. After a bench trial, the trial court credited the employer's expert's testimony in concluding that the PTSD did not arise from Armstrong's physical injuries, but rather from witnessing the accident and his mental observations of the severity of its injury to others and the fact that it could have been life-threatening to him at some point.

**{¶21}** Ultimately, the case was affirmed by the Ohio Supreme Court. The Court stated:

> **Armstrong undisputedly suffered compensable physical injuries as a result of the accident, and his PTSD undisputedly arose contemporaneously as a result of the accident. For Armstrong's PTSD to qualify as a compensable injury under R.C. 4123.01(C)(1), however, more is required; he must establish that his PTSD was causally related to his compensable physical injuries and not simply to his involvement in the accident. The record contains contradictory evidence of whether Armstrong's physical injuries were a contributing cause of his PTSD. Dr. Howard testified that Armstrong's physical injuries did not cause his PTSD, while Dr. Stoeckel testified that Armstrong's physical injuries were causal factors in his development of PTSD. The trial**

> **court, having heard all the evidence, found Dr. Howard's testimony more credible. The court of appeals appropriately determined that the record contains competent, credible evidence supporting the trial court's finding that Armstrong's physical injuries did not cause his PTSD and that Armstrong's PTSD is, therefore, not a compensable injury under R.C. 4123.01(C)(1).**

*Armstrong* at ¶ 29.

{¶22} In Johnson's case, Dr. Ward was specific in opining that the PTSD she is now experiencing can be at least partially attributed to the physical conditions allowed in her 2016 workers' compensation claim. Consequently, the presence of contradictory evidence stating a causal or contributing factor does create a genuine issue of material fact. *See id.* at ¶ 6 (claimant's expert testified that claimant "developed PTSD as a result of the accident and that his physical injuries contributed to and were causal factors in his development of PTSD"). Viewing the facts in the light most favorable to Johnson, we conclude the evidentiary reports ContiTech relied upon in obtaining summary judgment raise credibility issues that should have resulted in the denial of its motion. As such, summary judgment was not appropriate. *Accord Hoelscher v. KBO, Inc.,* 2d Dist. Clark No. 2017-CA-25, 2017-Ohio-5756, ¶ 8-9 (where experts disagree about cause of employee's psychiatric conditions, and claimant's expert connects those conditions to a physical at-work injury, eligibility for workers' compensation may not be resolved by summary judgment). Accordingly, the trial court erred in granting summary judgment to ContiTech.

{¶23} For these reasons, the assignment of error is sustained and the judgment of the Union County Court of Common Pleas is reversed and the cause remanded for further proceedings.

*Judgment Reversed and*
*Cause Remanded*

**MILLER and WILLAMOWSKI, J.J., concur.**

**/jlr**